[Civ. No. 5029. Third Appellate District.—December 28, 1933.]

WESLEY S. PICKENS, Respondent, v. S. J. COFFEY, Appellant.

S. J. Coffey, *in pro. per.*, and Catherine A. McKenna for Appellant.

Roy A. Linn and Roy C. Kaiser for Respondent.

LEMMON, J., pro ▮▮▮▮ In this proceeding a judgment creditor sought successfully to subject the homestead of the judgment debtor to execution under the provisions of sections 1245 et seq. of the Civil Code. The trial court adjudged the homestead exemption to be the sum of $1,000 and ordered a sale of the real property by the marshal of the Municipal Court of the City of Los Angeles and decreed that out of the proceeds of the sale there be paid to the judgment debtor the amount of the homestead exemption of $1,000, the expenses of the sale and the cost of the proceeding be then deducted, the amount of the judgment be next paid to the judgment creditor and the balance paid to the judgment debtor.

Respondent herein, the judgment creditor in the proceeding, moves to dismiss the appeals taken from several orders of the trial court. The homestead property was sold by the marshal in pursuance to the court's decree and the sale brought the sum of $1521.40. This sum is just sufficient to discharge the homestead exemption of $1,000, the expenses of sale and the cost of the proceeding and the claim of the judgment creditor. Appellant has accepted from the marshal the said sum of $1,000.

The acceptance from the marshal of this sum constituted an election to abide by the judgment and the doctrine of estoppel by election is applicable. The case of *Turner* v. *Markham,* 152 Cal. 246 [92 Pac. 485], is directly in point and determinative upon the motion.

The motion is granted and the appeals dismissed.

Plummer, J., and Pullen, P. J., concurred.