[L. A. No. 15409. In Bank.—February 27, 1936.]

E. GIOMETTI et al., Appellants, v. VICTOR ETIENNE, Jr., Respondent.

Carl E. Lindsay and Lindsay & Gearhart for Appellants.

Richard tum Suden and Peter tum Suden for Respondent.

WASTE, C. J.—Motion to dismiss upon the ground that the judgment appealed from has been satisfied and the issues have become moot.

It appears that the parties hereto entered into a contract by the terms of which the defendant and respondent undertook to construct an ice plant on certain real property, the record title to which stood in respondent's name. Respondent erected the building and installed the necessary machinery and equipment and appellants went into possession. Subsequently respondent gave notice to the appellants that they had defaulted in their payments and had breached the contract. Based on this notice, respondent declared the contract terminated and demanded possession of the property. Thereafter this action was instituted by the appellants to have the contract declared usurious. Respondent answered and cross-complained alleging that the contract was one of purchase and sale and that the interest and bonus therein provided for constituted a part of the purchase price. Because of appellants' default respondent prayed that he be given the property free and clear of any claims of appellants. Upon the trial the contract was held to be usurious and judgment entered for appellants. This judgment was reversed on appeal. (*Giometti* v. *Etienne*, 132 Cal. App. 602 [23 Pac. (2d) 52].) At the conclusion of the second trial of the cause it was found in conformity with the allegations of respondent's cross-complaint that the appellants had defaulted in their payments under the contract. An alternative judgment was thereupon entered on January 7, 1935, that quieted re-

spondent's title to the property and directed appellants to deliver up possession thereof and to pay $40,000 as damages for its detention, unless they (appellants) paid to the respondent on or before February 15, 1935, the balance due him under the contract ($46,015.02), together with interest, attorneys' fees and costs. The judgment then went on to provide that upon ·payment by appellants of the balance due under the contract, the respondent should execute and deliver to the appellants an instrument transferring and conveying the property to them, but should such balance be not paid as therein provided, then respondent's title was quieted. Appellants' motion for a new trial was denied.

On February 11, 1935, and within the time prescribed in the judgment, the appellants paid to the respondent the full amount required under the alternative portion thereof, whereupon the respondent executed and delivered to the appellants a satisfaction of judgment and a deed transferring the property to· them. The satisfaction of judgment was filed in the court below and recorded in the office of the county recorder by the appellants. They also recorded the deed that conveyed the property from respondent to them. Almost immediately, the appellants encumbered the property with a deed of trust executed by them to secure a promissory note in the sum of $47,000. Thereafter they noticed this appeal from the judgment.

As stated above, the respondent has moved to dismiss upon the ground that the judgment has been fully paid, satisfied and discharged and the issues thereby rendered moot. In support of his motion respondent relies on the general rule stated in *Turner* v. *Markham,* 152 Cal. 246, 247 [92 Pac. 485], in the following language: "A party litigant cannot accept the benefits of a judgment and appeal from it. He has his option to proceed with his appeal or to accept what the judgment may award him and forego his appeal. If he does accept the fruits of the judgment his election so to do estops him from further prosecution of the appeal. It is, in effect, his affirmance of the validity of the judgment against him." In other words, as stated in *Estate of Ayers,* 175 Cal. 187, 190 [165 Pac. 528], "the right to accept the fruits of a judgment and the right of appeal therefrom are not concurrent. On the contrary, they are totally inconsistent. An

election to take one of these courses is, therefore, a renunciation of the other." The rule also finds expression in *Walnut Irr. Dist.* v. *Burke,* 158 Cal. 165, 166 [110 Pac. 517]; *San Bernardino County* v. *Riverside County,* 135 Cal. 618, 620 [67 Pac. 1047], and *Pickens* v. *Coffey,* 136 Cal. App. 105, 106 [27 Pac. (2d) 914].

Appellants urge that this rule is inapplicable to the facts of this case. They refer us to that line of cases wherein it is recognized that the satisfaction of a judgment, unless by way of compromise or with an agreement not to take or pursue an appeal, does not operate to terminate the right to an appeal, particularly when, as is said to be the situation here, such satisfaction is involuntary and the result of legal compulsion. (*Warner Bros. Co.* v. *Freud,* 131 Cal. 639 [63 Pac. 1017, 82 Am. St. Rep. 400]; *Alamitos L. Co.* v. *Shell Oil Co.,* 217 Cal. 213 [17 Pac. (2d) 998]; *Burgess* v. *California Mutual Building & Loan Assn.,* 210 Cal. 180, 184, 185 [290 Pac. 1029]; *Preluzsky* v. *Pacific Co-op. Co.,* 195 Cal. 290, 292 [232 Pac. 970]; *Patterson* v. *Keeney,* 165 Cal. 465, 466 [132 Pac. 1043, Ann. Cas. 1914D, 232]; *Buckeye Refining Co.* v. *Kelly,* 163 Cal. 8, 12 [124 Pac. 536, Ann. Cas. 1913E, 840]; *Hartke* v. *Abbott,* 106 Cal. App. 388, 391, 392 [289 Pac. 206].)

Appellants urge, in effect, that by reason of the form of the judgment they were compelled to satisfy the alternative portion thereof in an effort to protect their interest in the property. This asserted involuntary satisfaction of the judgment should not, they contend, work a dismissal of their appeal subsequently taken. We recognize the rule contended for by the appellants and enunciated in the several cases last above cited. However, such cases should not be confused with those which deny to a party who has availed himself of the part of a judgment which is beneficial to him, the right to prosecute an appeal from dependent parts thereof which are against him. (*Patterson* v. *Keeney, supra,* 467; *Preluzsky* v. *Pacific Co-op. Co., supra,* 293; *Union Lithograph Co.* v. *Bacon,* 179 Cal. 53, 57 [175 Pac. 464]; *Hartke* v. *Abbott, supra,* 392, 393.)

In the instant case, the appellants, subsequent to their payment under the judgment and prior to their noticing of this appeal therefrom, accepted from the respondent and filed and recorded in the appropriate places a satisfaction

of judgment which, after reciting payment by the appellants and transfer of the property by respondent, declared that said acts were "in full compliance with the terms of said judgment and in full settlement and satisfaction of said judgment and the whole thereof", and which certified that "said judgment has been, and the same is, fully paid, satisfied and discharged". The broad language of this instrument, which, as stated, appellants accepted and filed, can only be construed to show a compromise and settlement of the judgment within the meaning of the authorities. Nowhere is there any indication that payment by the appellants was made under compulsion of the judgment and solely to protect their interest in the property. Moreover, as intimated above, the appellants almost immediately upon acquiring the property from respondent under the terms of the judgment encumbered the same with a deed of trust. They have been in possession of the property, have operated the ice plant thereon for their benefit and have comported themselves as owners of the property. If this appeal should be permitted and a reversal on the merits should hereafter result, it may well be that upon the next trial the respondent may be again awarded the property, with compensation for its detention, without any alternative being afforded the appellants to pay the balance due under the contract. In such event, it is obvious that appellants, by reason of their dealing with the property as above indicated, would not be able to place respondent in the position theretofore occupied by him. In other words, the appellants by accepting and availing themselves of the benefits of that portion of the judgment in their favor must be held to have foreclosed their right to assail upon appeal other dependent portions thereof detrimental to them. Their conduct prior to noticing the appeal was wholly inconsistent with the right to appeal.

The motion is granted and the appeal dismissed.

Seawell, J., Shenk, J., Langdon, J., and Thompson, J., concurred.