[Civ. No. 38550. Second Dist., Div. Four. Jan. 18, 1972.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
RESOLUTE INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

James V. Henry for Defendant and Appellant.

John D. Maharg, County Counsel, Leonard D. Black and Lee Barker, Deputy County Counsel, for Plaintiff and Respondent.

**OPINION**

**JEFFERSON, Acting P. J.**—Resolute Insurance Company (hereinafter referred to as Resolute) appeals from the trial court's order denying its motion to vacate summary judgment for payment of bail bond following forfeiture.

On July 14, 1969, Resolute, an authorized corporate surety insurer, filed in criminal proceedings duly executed bail bonds on behalf of an accused, Carlos Montes. The bonds had printed on the upper left-hand corner the address of Resolute's principal California office in Palo Alto, California, and they were stamped in the upper right-hand corner with the name and Fresno, California, address of the bail agent who issued the bonds. The bonds provided that if forfeiture were ordered by the court, judgment could be summarily entered against Resolute for the amount of the undertaking pursuant to sections 1305 and 1306 of the California Penal Code.

On February 24, 1970, the bonds were forfeited for the failure of Carlos Montes to appear on February 6, 1970. On March 13, 1970, notice was sent by the clerk to the Fresno, California address of the bail agent (Albert's Bail Bonds) who issued the bonds, and to an address in Los Angeles, California, which read as follows:

> Resolute Insurance Co.
> (A Rhode Island Corp.)
> 951 North Vignes
> Los Angeles, Calif. 90012
> MA 8-6387
> Dan Majors, General Agent

No notice was mailed to the surety's principal office in Palo Alto, California, the address of which was imprinted on the bail bonds.

On November 17, 1970, a summary judgment was granted ex parte against Resolute for the amount of $15,725 plus 7 percent interest. Notice of the judgment was sent to Albert's Bail Bonds in Fresno, California, and to the principal office of Resolute in Palo Alto, California, as imprinted on the bonds.

On February 4, 1971, Resolute moved to vacate the summary judgment on grounds that notice of forfeiture was not timely mailed to its principal California office as required by Penal Code section 1305. Two declarations were filed by the county in opposition to the motion, both by employees of the Los Angeles County Clerk. Michael Teehee declared that he mailed notice to the Los Angeles address printed on a stamp which was given to him. Michael Collins declared that Dan Majors, whose Los Angeles address appeared on the stamp, represented himself as the general agent of Resolute, and that it was he who later delivered the check in satisfaction of the judgment. The superior court denied Resolute's motion.[1]

The terms of section 1305 are clear and unambiguous. It is therein provided, in pertinent part ". . . If the surety is an authorized corporate surety insurer, and if the bond has plainly printed or stamped thereon the address of its principal office in California, such notice [for forfeiture] shall be mailed to such surety at such address, and mailing to the bail agent or solicitor who posted the bond shall not constitute compliance with this section; the clerk shall at the same time send a copy of such notice to the bail agent or solicitor who posted the bond. If the clerk fails to mail such notice within 30 days after such entry, the surety or depositor shall be released from all obligations under the bond."

Clearly, the address of appellant's principal California office was imprinted on the bonds, and there was error by the clerk in addressing and sending the notice of forfeiture elsewhere. It appears that failure to send the notice to Resolute's principal California office in this instance was the result of an unfortunate error or accident, perhaps the result of a misunderstanding but, in any event, the summary judgment is void.

Although there is evidence that Majors had represented himself to a deputy clerk as the company's "general agent" and had asked that notice be sent to him, that evidence is addressed to an immaterial issue. The statutory

---

[1]Resolute on February 8, 1971, paid the judgment in full and a satisfaction of the judgment was filed. Since this payment was not by way of compromise or settlement or under an agreement not to appeal, the defendant did not thereby waive its right to appeal. (*Reitano* v. *Yankwich,* 38 Cal.2d 1, 4 [237 P.2d 6].)

requirement is not that notice be given to a "general agent" but that it be given to *the company* at the address of its principal office which was printed on the bond. Assuming that Majors was, in fact, the general agent (as to which we have only uncorroborated hearsay), his request was, in law, merely a request for the favor of a third informational notice. Compliance with that request had no legal effect.

The county's argument that Resolute's failure to move to set aside the forfeiture within 180 days deprives the court of jurisdiction has no application because Resolute is moving to set aside a void judgment and until that judgment was entered Resolute had no notice. (See *Jellen* v. *O'Brien,* 89 Cal.App. 505 [264 P. 1115]; *County of L. A.* v. *Stuyvesant Ins. Co.,* 227 Cal.App.2d 428 [38 Cal.Rptr. 713].)

The order appealed from is reversed.

Kingsley, J., and Dunn, J., concurred.