[S.F. No. 23416. Sept. 17, 1976.]

BARBARA A. LEE, Plaintiff and Respondent, v.
EDWARD F. BROWN et al., Defendants and Appellants.

**COUNSEL**

Bruce I. Cornblum and Robert L. Mezzetti for Defendants and Appellants.

Mandich, Clark & Barker and Wesley L. Barker for Plaintiff and Respondent.

**OPINION**

**RICHARDSON, J.**—In this case we consider whether defendants in a foreclosure action have waived their right to appeal a trial court judgment ordering an execution sale of their homesteaded property by accepting the amount of their homestead exemption from the sales proceeds. We conclude that defendants have not waived their appeal right.

In 1967 defendants recorded a valid declaration of homestead on their real property in Lake County. Thereafter plaintiff, having recovered a judgment against defendants in the sum of $42,366.54, caused a writ of execution upon the judgment to be levied on the homesteaded property. Pursuant to Civil Code section 1245 et seq., plaintiff then had the property evaluated by three appraisers. Based on their reports, the trial court found that the value of the property was $93,096. The court

determined further that the amount of valid liens and encumbrances on the property was $26,486.17, and that the value of defendants' homestead exemption was $15,000. Concluding on the basis of these findings that the value of the property exceeded the amount of the liens and homestead exemption, the court ordered that the property be sold under execution.

Defendants appealed but, because they were unable to post the appropriate undertaking pending appeal, they could not prevent the execution sale which occurred on January 27, 1975. At the sale plaintiff, the only bidder, purchased the property for $84,000. From the proceeds and pursuant to Civil Code section 1256 the sheriff tendered defendants the amount of their homestead exemption, which amount they accepted.

Before it could be heard plaintiff moved for dismissal of the appeal on the ground that, having accepted its fruits, defendants were estopped from seeking appellate review of the judgment. We now consider this motion.

■ At stake are the concurrent preferred rights of appeal and of homestead. We stated in *Slawinski* v. *Mocettini* (1965) 63 Cal.2d 70 [45 Cal.Rptr. 15, 403 P.2d 143]: "It is a well established policy that, since the right of appeal is remedial in character, our law favors hearings on the merits when such can be accomplished without doing violence to applicable rules. Accordingly in doubtful cases the right to appeal should be granted." (*Id.,* at p. 72; see also Cal. Rules of Court, rule 53; *In re Morrow* (1970) 9 Cal.App.3d 39, 45 [88 Cal.Rptr. 142]; *Desherow* v. *Rhodes* (1969) 1 Cal.App.3d 733, 745 [82 Cal.Rptr. 138], hg. den.)

■ Similarly, the law favors homesteads. They are constitutionally authorized (Cal. Const., art. XVII, § 1), statutorily enacted (Civ. Code, § 1240, and liberally protected. (*Thorsby* v. *Babcock* (1950) 36 Cal.2d 202, at p. 204 [222 P.2d 863]; *Estate of Kachigian* (1942) 20 Cal.2d 787, 791 [128 P.2d 865]; *Schoenfeld* v. *Norberg* (1970) 11 Cal.App.3d 755, 764 [90 Cal.Rptr. 47].) Our duty is to harmonize, as far as possible, the foregoing important rights, preserving the rights of appeal and homestead, while protecting the legitimate interests of the creditor.

Plaintiff's motion has the support of a decision of this court, *Turner* v. *Markham* (1907) 152 Cal. 246 [92 P. 485]. (See also *Pickens* v. *Coffey* (1933) 136 Cal.App. 105 [27 P.2d 914].) In *Turner* we held that by accepting the proceeds of a homestead exemption, a judgment debtor

waives the right to appeal a judgment ordering an execution sale of the homesteaded property. We concluded that accepting the benefits of a judgment and pressing an appeal from the judgment are inherently and impermissibly inconsistent. Although *Turner* relies on a legal principle that is sound in its general application, we have concluded that it does not accomplish a fair result within the homestead context.

We now reexamine the *Turner* holding in light of the conjunction of appeal and homestead principles, and consider in particular certain recognized exceptions to the rule of appeal waiver as they bear on the homestead law. We will conclude that, while these principles and exceptions are not directly applicable to the present case, together they provide a compelling rationale for the rule that the acceptance of homestead benefits from the proceeds of an execution sale does not, standing alone, constitute a waiver of the right to appeal from a judgment ordering that sale. This rule assures a more equitable recognition of the legitimate interests of both creditor and debtor.

A waiver of the right to appeal a judgment is implied in a variety of situations. (See 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 133-146, pp. 4129-4142.) We consider two of them.

First, as a general proposition, one who *accepts* the *benefits* of a judgment cannot thereafter attack the judgment by appeal. In *Estate of Shaver* (1900) 131 Cal. 219 [63 P. 340], we expressed the rule as follows: "The right to accept the fruits of a judgment, and the right of appeal therefrom are not concurrent. On the contrary, they are totally inconsistent. An election to take one of these courses is, therefor, a renunciation of the other." (*Id.,* at p. 221, citation omitted.) In the words of *Turner,* acceptance by the appellant of the benefits of a judgment constitutes an ". . . affirmance of the validity of the judgment against him." (*Turner, supra,* at p. 247.) This general rule has been applied in a number of contexts. (See, e.g., *Schubert* v. *Reich* (1950) 36 Cal.2d 298 [223 P.2d 242] [appellant accepted money pursuant to an order of the court that had explicitly conditioned the granting of plaintiff's motion for a new trial on the payment to defendant of that money, which order appellant then attempted to challenge]; *Giometti* v. *Etienne* (1936) 5 Cal.2d 411 [55 P.2d 216] [appellants paid the balance due on a contract of purchase, received a conveyance of property, encumbered that property, and filed a satisfaction of judgment]; *Wilson* v. *Wilson* (1958) 159 Cal.App.2d 330 [323 P.2d 1017] [appellant accepted the benefits of a divorce decree and then sought to appeal the portion of the decree imposing obligations

upon him]; see also 6 Witkin, Cal. Procedure, *supra,* Appeal, §§ 136-137, pp. 4131-4133.)

As is so often the case, however, application of the rule has generated a number of equitable exceptions. ■ A waiver is not implied, for example, in those cases in which appellant is concededly entitled to the accepted benefits, and his right to them is unaffected by the outcome of the case on appeal. (*Estate of Hubbell* (1932) 216 Cal. 574, 577 [15 P.2d 503].) Stated another way, one may appeal from a portion of a severable and independent judgment while accepting the benefits of the unaffected remainder of the judgment. (*Templeton Feed & Grain* v. *Ralston Purina Co.* (1968) 69 Cal.2d 461, 468-469 [72 Cal.Rptr. 344, 446 P.2d 152]; *Mathys* v. *Turner* (1956) 46 Cal.2d 364, 365 [294 P.2d 947]; *Gudelj* v. *Gudelj* (1953) 41 Cal.2d 202, 214-215 [259 P.2d 656]; *Estate of Hubbell, supra,* 216 Cal. 574, 577; *Preluzsky* v. *Pacific Co-operative C. Co.* (1925) 195 Cal. 290, 293 [232 P. 970]; see also 6 Witkin, Cal. Procedure, *supra,* Appeal, §§ 138-139, pp. 4134-4136.)

While the parties agree that defendants are entitled at the least to the equivalent of the amount they accepted, that is, $15,000, the value of their homestead exemption, the foregoing severability exception to the general waiver rule is not directly applicable. The judgment is not truly severable for if defendants were to prevail on appeal, this sum would have to be returned to plaintiff in exchange for the homesteaded property. (See *Mathys* v. *Turner, supra,* 46 Cal.2d 364, 365; *Schubert* v. *Reich, supra,* 36 Cal.2d 298, 300; *Preluzsky* v. *Pacific Co-operative C. Co., supra,* 195 Cal. 290, 293; *San Bernardino* v. *Riverside* (1902) 135 Cal. 618, 621 [67 P. 1047].)

■ Second, a waiver will be implied where there is *voluntary compliance* with a judgment, as when the judgment debtor satisfies the judgment by making payment to the prevailing party under its terms. (See Code Civ. Proc., § 1049; *Hellman Commercial T. & S. Bk.* v. *Alden* (1929) 206 Cal. 592, 599 [275 P. 794]; see also 6 Witkin, Cal. Procedure, *supra,* Appeal, § 134, p. 4129.) Again, the waiver rule as applied in this context is also subject to an exception. A waiver of the appeal right occurs only where the compliance was ". . . by way of compromise or with an agreement not to take or prosecute an appeal." (*Estate of Merrill* (1946) 29 Cal.2d 520, 524 [175 P.2d 819]; see *Wisniewski* v. *Clary* (1975) 46 Cal.App.3d 499, 502 [120 Cal.Rptr. 176]; *County of Los Angeles* v. *Resolute Ins. Co.* (1972) 22 Cal.App.3d 961, 963, fn. 1 [99 Cal.Rptr. 743]; *Mackay* v. *Whitaker* (1952) 112 Cal.App.2d 112, 117 [245 P.2d 521].)

Thus where compliance arises under compulsion of risk or forfeiture, a waiver will not be implied. (See, e.g., *Reitano* v. *Yankwich* (1951) 38 Cal.2d 1 [237 P.2d 6] [appellant faced with an execution sale against his property if judgment not satisfied]; *Alamitos Land Co.* v. *Shell Oil Co.* (1933) 217 Cal. 213 [17 P.2d 998] [appellant acts to avoid forfeiture of his property]; *Sapin* v. *Security First National Bank* (1966) 243 Cal.App.2d 201 [52 Cal.Rptr. 254]; *Wisniewski* v. *Clary, supra,* 46 Cal.App.3d 499 [appellant complies with judgment to escape dismissal of his action under the terms of a contested trial court judgment]; see also 6 Witkin, Cal. Procedure, *supra,* Appeal, § 135, pp. 4129-4131.)

The forfeiture exception to the general waiver rule has particular application to the present case because, as a practical matter, defendants may lose the right to the homestead exemption to which they are concededly entitled if they do not accept the exemption funds before exhausting their appeal rights. This possibility occurs because Civil Code section 1257 extends to the funds the homestead protection for a period of six months only. A rule declaring that a debtor is deemed to have waived his appeal rights by the acceptance of his homestead exemption proceeds thus presents a debtor with a dilemma. To appeal he must reject the exemption proceeds. If, as is most likely, resolution of this appeal consumes more than six months, then the judgment debtor's homestead protection will have lapsed and other creditors will have access to the funds. We have said that the purpose of section 1257 is to permit the exemption holder to purchase with the funds another home which may then be selected and protected as a homestead. (*Thorsby* v. *Babcock, supra,* 36 Cal.2d 202, 205.) By exercising the right to appeal, however, the debtor may be denied the opportunity of converting the funds into another residence similarly protected by the homestead laws.

By forcing an option upon him, application of the waiver rule under such circumstances may thus require a debtor to sacrifice his homestead rights in order to preserve his appeal rights. The possibility of this result invites the invocation of the forfeiture exception to the waiver rule.

In *Turner* v. *Markham, supra,* 152 Cal. 246, this precise issue was raised. There, the court recognized the debtor's homestead right, but held that the debtor, by accepting the homestead exemption benefits, had agreed to enjoy this right in the form of money rather than land. The *Turner* court, contrasting *Estate of Shaver, supra,* 131 Cal. 219, and *In re Baby* (1890) 87 Cal. 200 [25 P. 405], noted that in the two latter cases no estoppel was worked since the position of the adverse party, the creditor,

was not changed to the creditor's detriment. In *Turner,* however, the debtor who had accepted the exemption proceeds was insolvent. He had exhausted the funds for his own benefit. The homesteaded property had been sold to a third party, and in the event the debtor prevailed on appeal the purchaser would have a remedy against the judgment creditor for the monies paid the debtor. The *Turner* court concluded: "Here clearly is a situation presented where the appellant [debtor] by his election has changed the position of the respondent [creditor] to the latter's injury, and the doctrine of estoppel by election is clearly applicable." (*Turner, supra,* at p. 249.) The present case is dissimilar. The judgment creditor has not irrevocably changed his position to his detriment. He may be made whole. The necessity for application of estoppel is not established. We accordingly seek a resolution which fairly respects the debtor's rights of appeal and homestead, while at the same time preserving the creditor's right to satisfy his judgment in full.

We note in passing that it is arguable that if the defendants here, rather than accepting, had chosen to return the homestead proceeds to the sheriff or to the court pending appeal and they had lost on appeal, their right to those funds may still have been protected. (See, Note, *Homesteads: Exemptions: Proceeds of Voluntary Sale* (1951) 39 Cal.L. Rev. 444, 446-447.) One appellate court has indicated that the six months period does not begin to run under section 1257 until the homestead claimant "obtains payment" of the proceeds. (*Chase* v. *Bank of America* (1964) 227 Cal.App.2d 259, 263-264 [38 Cal.Rptr. 567].) There is statutory support for the argument since section 1257 seems to contemplate that the six months period runs from the time that "The money [is] paid to the claimant. . . ." In *Thorsby* v. *Babcock, supra,* 36 Cal.2d 204, we held that it was unreasonable to apply the six months rule during the period when an escrow holder had refused to deliver the funds to the debtor. Similarly, it may be deemed unfair for a debtor to lose his homestead rights in funds over which he never retained control. We are not required, however, to construe section 1257 within this context and have concluded that no waiver existed.

No valid purpose is served by forcing a debtor to choose between his right to appeal and his homestead rights where the creditor's interests may be fully protected. In the matter before us, irremediable injury to plaintiff may be avoided while preserving defendants' appeal and homestead rights. Defendants themselves suggest that any order on appeal favorable to them be conditioned on the return to plaintiff of the amount of the exemption proceeds theretofore paid to them. This

suggestion has merit, but we conclude that in this case it does not afford sufficient protection to plaintiff. Fairness and equity require further that any such judgment in defendants' favor also be conditioned upon the payment by defendants to plaintiff of such additional amounts paid by plaintiff (here, $25,437.33) to other creditors whose claims had been reduced to liens against the subject real property.

The payment of these claims, of course, was of direct and immediate benefit to defendants. While they did not request plaintiff to make these payments, neither can it be said that plaintiff acted as a volunteer. She had a right in this case to execute her judgment against the property pending the appeal since defendants did not obtain a stay of execution by the posting of an undertaking pursuant to former Code of Civil Procedure section 945. Her execution could not be completed until she discharged the liens outstanding against the property. (See Civ. Code, § 1256; *Viotti* v. *Giomi* (1964) 230 Cal.App.2d 730, 740 [41 Cal.Rptr. 345], hg. den.) Having paid and discharged the lien claimants, she is entitled to repayment of the full amount of such claims, so that she may be restored to her prejudgment status.

Normally the offer of a return of the benefits of a judgment which were accepted does not invalidate the waiver. (*Schubert* v. *Reich, supra,* 36 Cal.2d 298.) In a situation like the one before us, however, a careful balancing of important policy and statutory considerations, leads us to adopt a rule which preserves the remedies of homestead and appeal while minimizing the financial prejudice occasioned to plaintiff creditor.

We do not reach, here, the substantive issues which defendants raise on appeal, leaving to the Court of Appeal the appropriate resolution of them in the light of our conclusion that the right to appeal has not been waived.

The motion to dismiss the appeal is denied.

McComb, J., Tobriner, J., Mosk, J., and Clark, J., concurred.

**SULLIVAN, J.**—I dissent. The majority, confronted with the settled rule that the acceptance of the benefits of a judgment constitutes a waiver of any appeal, attempt to circumvent it by creating a special exception for homesteads. The exception is grounded on the premise that "at stake" are two rights favored by the law—the right of appeal and the right of homestead. (Majority opn., *ante* p. 113.) This of course is quite meaning-

less: the question whether an appeal is waived, of necessity involves the "right of appeal"; the problem of enforcing a judgment by levying a writ of execution on the debtor's property implicitly involves the condition of the property at the time of the levy. In short, any appeal may be waived—even though appeals are favored by the law; any sale on execution may require disposition of the homestead—even though homesteads are favored by the law.

Actually then the above rights are not "at stake" at all in the instant case. The single, simple question before us is whether defendants by accepting the amount of their homestead exemption have brought themselves within the above waiver rule and the case of *Turner* v. *Markham* (1907) 152 Cal. 246 [92 P. 485], which is clearly on point. Faced with *Turner,* the majority attempt to avoid its impact by confessing that it sets forth "a legal principle that is sound in its general application" and at the same time rejecting the principle since "it does not accomplish a fair result within the homestead context" (majority opn. *ante* pp. 113-114)—whatever that may mean, since *Turner* itself was a case involving execution on a homestead. Yet the majority neither overrule *Turner* nor disapprove of any of its language. They are all at once in agreement with the precedent but unhappy with its results.

In the instant case, plaintiff recovered judgment against defendants in the sum of $42,366.54 and to enforce the judgment caused a writ of execution to be levied on defendants' real property already subject to their declaration of homestead. This property was evaluated by three appraisers (Civ. Code, § 1245) and eventually the trial court filed its "Decision and Orders on Application to Subject Homestead Surplus to Execution." This decision, covering six pages in the clerk's transcript, after detailing the procedure followed and finding "that the net value of the homesteaded property over and above all liens and encumbrances substantially exceeds the homestead exemption of $15,000" ordered "that the homesteaded property be sold under execution . . . [and] that the proceeds of said sale shall be applied . . . in the following order of priority: first, to the discharge of the liens and encumbrances . . . second, to the defendants to the amount of $15,000.00 . . . ." It is noteworthy that this decision was a unitary disposition of the matter before the court and that the order for payment of $15,000 to defendants is an inseparable part of the judgment. Since the decision was unfavorable to them, defendants appealed. However defendants did not stay enforcement of the judgment by giving an undertaking and the sale of the property on execution proceeded. Nevertheless despite their appeal, defendants

accepted from the proceeds of the sale on execution the sum of $15,000 representing the amount of their homestead exemption, which was paid to them pursuant to the above-quoted order of the court from which defendants had theretofore appealed.

It is long and well established law in this state that ordinarily a party may not accept the benefits of a judgment and then proceed to attack that judgment by appeal.[1] (See *Preluzsky* v. *Pacific Co-operative C. Co.* (1925) 195 Cal. 290, 293 [232 P. 970]; *Estate of Ayers* (1917) 175 Cal. 187, 190 [165 P. 528]; *Turner* v. *Markham, supra,* 152 Cal. 246, 247; *Estate of Shaver* (1900) 131 Cal. 219, 221 [63 P. 340]; *In re Baby* (1890) 87 Cal. 200, 202 [25 P. 405]; *Miller* v. *National American Life Ins. Co.* (1976) 54 Cal.App.3d 331, 343 [126 Cal.Rptr. 731] *Pickins* v. *Coffey* (1933) 136 Cal.App. 105, 106 [27 P.2d 914]; see also 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, §§ 136-137, pp. 4131-4133.)

It is clear that by accepting *pursuant to the trial court's decision* the amount of their homestead exemption from the proceeds of the sale on execution, defendants accepted the benefits of the judgment and thereby under the above rule waived their right of appeal.

To elude this result, the majority attempt to bring this case within exceptions to the above rule. Clearly none of them is pertinent. Nonetheless the majority, although conceding that the so-called severability and forfeiture exceptions are not "directly applicable," construe them as providing a "compelling rationale" for jettisoning the waiver of appeal rule where a homestead is involved. This position becomes further obscured by the majority's express finding that the judgment in the present case is not severable.[2] Eventually, the majority appear to say that the forfeiture exception *may* be applicable.

To support this last position, the majority reason as follows. If in order to proceed with his appeal a judgment debtor were required to refuse to accept from the proceeds of the sale the amount of his homestead exemption, he would risk forfeiture of the exemption which continues to

[1]This rule of election is similarly the established rule in other jurisdictions. (See Note, 169 A.L.R. 985.)

[2]Clearly the severability exception does not apply. To come within this exception the party must be entitled to the benefits of the judgment in the event of a reversal on appeal. (See *Estate of Hubbell* (1932) 216 Cal. 574, 577 [15 P.2d 503].) The judgment debtor in the present case does not qualify. Should the order of sale be reversed on appeal and the homestead property be restored to the judgment debtors, they would have no right to the $15,000 exemption.

attach to the money for a period of six months only. (See Civ. Code, § 1257.)[3] Should the appeal process take more than six months, the funds representing the amount of the homestead exemption could be reached by creditors before the debtor would have an opportunity to invest them in substitute property upon which another homestead could be declared.

Of course the simple answer to the above rationale, as indeed the majority seem to recognize, is that under section 1257, the amount of the homestead will be free from creditors for a six-month period *after* the debtor has actual possession of the proceeds. (See *Thorsby* v. *Babcock* (1950) 36 Cal.2d 202, 204 [222 P.2d 863]; *Chase* v. *Bank of America* (1964) 227 Cal.App.2d 259, 263-264 [38 Cal.Rptr. 567]; Note, *Homesteads: Exemptions: Proceeds of Voluntary Sale* (1951) 39 Cal.L.Rev. 444, 446-447; all of which are cited by the majority.) Under this reasonable construction of section 1257 defendants were under no compulsion to accept from the proceeds of the sale the amount of their homestead exemption but could have allowed these funds to remain with the court pending the outcome of their appeal without any risk of the forfeiture of their additional six months exemption. Failing to win reversal, they could then accept the funds which would remain exempt from forced sale or execution for six months after such acceptance. Clearly then there is no compulsion of risk of forfeiture which would bring this case within the forfeiture exception to the waiver of appeal rule. The majority's rejoinder that they "are not required, however, to construe section 1257 within this context" (majority opn., *ante*, p. 117) does nothing to counter the foregoing conclusions.

Since neither the forfeiture exception nor any other exception is apposite, the case at bench remains squarely within the established rule of waiver of appeal. Moreover, our opinion in *Turner* v. *Markham, supra,* 152 Cal. 246, wherein this court unanimously held that this rule of law is specifically applicable to the homestead setting, is directly on point. In *Turner,* the judgment creditor successfully subjected the judgment debtor's homestead to execution and the judgment debtor appealed the court order of sale. The property was sold on execution and while the appeal was pending the judgment debtor accepted from the proceeds of

---

[3]Section 1257 provides: "The money paid to the claimant is entitled, for the period of six months thereafter, to the same protection against legal process and the voluntary disposition of the husband, which the law gives to the homestead."

the sale his $5,000 homestead exemption. This court granted the judgment creditor's motion to dismiss the appeal, stating: " '*The right to accept the fruits of a judgment and the right of appeal therefrom are not concurrent. On the contrary, they are totally inconsistent. An election to take one of the courses is, therefore, a renunciation of the other.*' " (*Id.*, at p. 248; citation omitted; italics added.) Furthermore, we observed in *Turner* that the rule of election is particularly relevant in the homestead context in that the allowing of an appeal subsequent to the acceptance of the amount of the homestead exemption could seriously prejudice the judgment creditor. (*Id.*, at pp. 248-249.) If the debtor is insolvent, he may squander the homestead exemption prior to the outcome of the appeal. Should the debtor win a reversal on the appeal, we reasoned in *Turner*, the purchaser at the execution sale could recover the full amount paid from the judgment creditor. (*Id.*, at p. 249.) This would leave the judgment creditor with an unsatisfied judgment and a liability in the amount of the homestead exemption. Therefore, we held in *Turner* that the doctrine of estoppel by election was "clearly applicable" in the homestead context. (*Id.*)[4]

Faced with this formidable precedent which they neither overrule nor disapprove, the majority attempt to distinguish *Turner* from the case at bench. The attempt fails. The only basis advanced for distinguishing the cases is the insolvency of the judgment debtor in *Turner*. By inference, the majority would have us believe that the present judgment debtors are solvent. The facts belie such a conclusion. Defendants were unable to satisfy the original judgment. The record shows that in addition to liens and encumbrances totalling $25,437.23 existing on the homestead property, defendants owed $6,104.41 to B. L. Noonan, $424.53 to the Retailers Credit Association, $1,308.66 to Anderson & Perkins, Inc., $238.66 to J. Lee, $130.54 to Lake County Collections, and $124.29 to Oroville Credit Bureau. In his declaration in support of opposition to motion to dismiss appeal, defendant-appellant Edward F. Brown stated "I had no money to purchase a bond to stay these proceedings." In oral argument before this court, counsel for plaintiff stated that defendants

---

[4]As previously noted, the majority do not dispute the validity of the general rule of waiver of appeal. Rather they find the general rule of *Turner* to be inapplicable to the homestead context. This is a strange conclusion in view of the fact that *Turner* was a homestead case. Furthermore, in the only other homestead case reaching our appellate courts involving the appeal of an order for execution sale and the acceptance of a homestead exemption, *Turner* was followed without question. (See *Pickens* v. *Coffey*, *supra*, 136 Cal.App. 105, 106.)

were insolvent and defendants' counsel did not deny or challenge the statement in any way. Logic demands a conclusion that defendants are impecunious and that *Turner* cannot be distinguished on the basis of insolvency.[5]

The general rule that one who accepts the benefits of a judgment is estopped from pressing an appeal is firmly established. The case now before us clearly does not come within any of the recognized exceptions to this rule. This court in a factually indistinguishable case has specifically applied this rule in the homestead context. Therefore reason compels a conclusion that defendants, having accepted the amount of the homestead exemption, cannot proceed with their appeal. Fairness demands the same conclusion. Defendants' property on which they had declared a homestead, after being sold on execution, remained subject to redemption within 12 months from the date of the sale. (Code Civ. Proc., § 700a et seq.) During this period of redemption, *defendants under the law were entitled to remain in possession of the property* (Code Civ. Proc., § 706; see 5 Witkin, Cal. Procedure (2d ed. 1971) Enforcement of Judgment, § 98, p. 3464)—a circumstance the majority choose to ignore.[6] In short, during this period of time, defendants have not only the possession and use of their home but also the possession and use of the $15,000 amount of the homestead exemption. If defendants desire to challenge on appeal the trial court's order for an execution sale, it is certainly no hardship on them to require that they leave the $15,000 on deposit in court. The majority however would permit them to remain in possession, have full and unrestricted disposition of the $15,000 and in addition take the "totally inconsistent" (*Turner, supra*) position of attacking the execution sale. Such a course is not only contrary to the controlling precedent of this court but, in my view, is downright inequitable.

In sum, in the instant case defendants have accepted the benefits of a judgment. They have made their choice and under existing California

---

[5] The majority's effort to distinguish *Turner* on the solvency of the judgment debtor must stem from a promise by the judgment debtor to repay the $15,000 exemption upon reversal. This is no basis for a conclusion of solvency. Moreover, reliance on a promise to repay as a rationale for invalidating the waiver of the right of appeal is contrary to existing law. (See *Schubert* v. *Reich* (1950) 36 Cal.2d 298, 300 [223 P.2d 242].)

[6] The execution sale in the case at bench took place on January 25, 1975. During oral arguments before this court, it was revealed that the judgment debtor was still in possession of the homestead.

law they have waived their right of appeal.[7] The motion to dismiss should be granted.

Wright, C. J., concurred.

---

[7]Defendants have elected to accept the fruits of the judgment. Therefore I need not reach the issues of remedies had they chosen the alternate course of appeal. However, *should the occasion arise where a debtor, having declined to accept from the proceeds of* the execution sale the amount of his homestead exemption, prosecutes the appeal and wins a reversal of the order of sale, I am in agreement with the majority that our courts have broad powers to order restitution so as to restore all parties to the *status quo ante.* (See Code Civ. Proc:, § 908.)