[Civ. No. 63394. Second Dist., Div. One. Mar. 15, 1982.]

AL J. VELA & ASSOCIATES, INC., Plaintiff and Respondent, v. GLENDORA UNIFIED SCHOOL DISTRICT, Defendant and Respondent;
HUGHES DEVELOPMENT CORPORATION, Real Party in Interest and Appellant.

COUNSEL

Bergman & Dennis and William E. Dennis for Real Party in Interest and Appellant.

Donald C. Kemby for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

OPINION

LILLIE, Acting P. J.—Hughes Development Corporation (Hughes) appeals from a judgment ordering it to convey to Al J. Vela & Associates, Inc. (Vela) a piece of real property known as the Bender School Site.

Vela commenced an action to enjoin Glendora Unified School District from selling the property to Hughes. The action arose out of the following circumstances: Vela submitted the high bid for the property; that bid was matched by Hughes acting as a representative of the estate of the deceased former owner from whom the district had acquired the property; pursuant to Education Code former section 39369.5[1] the district accepted Hughes' bid; the representative of the estate of the former owner then conveyed to Hughes all of the right, title and interest that the estate held in the property. Judgment was entered denying the requested injunctive relief and dismissing the action. A month later the district sold the property to Hughes. On Vela's appeal from the judgment, this court held that under Education Code section 39369.5 the right of the former owner to purchase the property is personal to him and terminates upon his death; accordingly, that right does not become an asset of his estate to be administered by the executor and eventually exercised by a stranger to the original transaction. The judgment was reversed with directions to enter a new and different judgment consistent with the views expressed in the opinion. (*Al J. Vela & Associates, Inc.* v. *Glendora Unified School Dist.* (1980) 108 Cal. App.3d 444 [166 Cal.Rptr. 732].)

Following remittitur, a new judgment was entered ordering Hughes (or the clerk of the court on behalf of Hughes) to execute a grant deed conveying the property to Vela on condition that Vela pay to Hughes (or deposit with the clerk for Hughes' benefit) the sum of $54,360.[2] It is from this judgment Hughes appeals contending that the trial court was limited to ordering the district to conduct a new sale and was without power to order conveyance of the property to Vela because Vela's bid was not accepted. We do not reach the merits of this contention inasmuch as we conclude, for reasons which follow, that the appeal must be dismissed.

■ Vela moved to dismiss the appeal on the ground that Hughes waived its right to prosecute the appeal by having accepted payment of the sum specified in the judgment after notice of appeal was filed. We

---

[1]That section provided in pertinent part: "(a) In the event that the governing board of a school district intends to sell real property pursuant to this article, the former owner from whom the district acquired the property shall be accorded the right, prior to the final acceptance of bids, to purchase the property at the tentatively accepted highest bid price." (Repealed by Stats. 1980, ch. 1157, § 2.)

[2]That sum represents Hughes' down payment for the property plus escrow costs.

denied the motion without prejudice. In its respondent's brief, Vela again argues that the appeal must be dismissed.

The motion to dismiss was supported by the declaration of Vela's attorney stating: pursuant to the judgment, Vela deposited the sum of $54,360 with the clerk of the court; the clerk, on behalf of Hughes, executed a grant deed conveying the property to Vela; Hughes then petitioned the court for an order releasing to Hughes the money on deposit with the clerk; a county warrant in the sum of $54,360 was issued to Hughes and cashed by it.[3]

It is the general rule that the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal therefrom. (*Lee* v. *Brown* (1976) 18 Cal.3d 110, 114 [132 Cal.Rptr. 649, 553 P.2d 1121]; *Mathys* v. *Turner* (1956) 46 Cal.2d 364, 365 [294 P.2d 947]; *Schubert* v. *Reich* (1950) 36 Cal.2d 298, 299 [223 P.2d 242]; *Turner* v. *Markham* (1907) 152 Cal. 246, 247 [92 P. 485]; 6 Witkin Cal. Procedure (2d ed. 1971) Appeal, §§ 136, 137, pp. 4131-4133.) The reason for the rule is that the right to accept the fruits of the judgment and the right to appeal therefrom are wholly inconsistent, and an election to take one course is a renunciation of the other (*Mathys* v. *Turner, supra*, 46 Cal.2d at p. 365); an acceptance by the appellant of the benefits of a judgment constitutes "his affirmance of the validity of the judgment against him." (*Turner* v. *Markham, supra*, 152 Cal. at p. 247.) The judgment ordered that Vela pay $54,360 to Hughes upon its conveyance of the property to Vela. Having received the money, Hughes is barred from prosecuting its appeal from the judgment insofar as the judgment orders conveyance of the property. As stated in *San Bernardino* v. *Riverside* (1902) 135 Cal. 618, 620 [67 P. 1047]: "A party cannot accept the benefit or advantage given him by an order and then seek to have it reviewed. After receiving the money which the court has directed to be paid to him, he will not be heard to say that the court erred in making such order, and if by the order a right or favor is given to the other party as the consideration for making such payment, the party receiving the money will be held to have assented to a granting of the favor or right."

---

[3]Hughes opposed the motion to dismiss the appeal but did not deny the foregoing statements which are based on the clerk's transcript and on duly certified copies of documents attached to Vela's supporting declaration as exhibits and incorporated therein by reference.

An exception to the general rule exists where appellant concededly is entitled to the accepted benefits, and his right to them will not be affected by reversal of the judgment. Stated another way, one may appeal from a portion of a severable and independent judgment while accepting the benefits of the unaffected remainder of the judgment. (*Lee* v. *Brown, supra*, 18 Cal.3d 110, 115; *Gudelj* v. *Gudelj* (1953) 41 Cal.2d 202, 214 [259 P.2d 656]; *Trollope* v. *Jeffries* (1976) 55 Cal.App.3d 816, 825 [128 Cal.Rptr. 115].) That exception is inapplicable in the present case because if the judgment were reversed, the $54,360 would have to be returned to Vela. It is an inseparable part of the judgment since it was awarded to Hughes on condition that the property be conveyed to Vela; Hughes is not entitled to the money unless Vela gets the property. "[I]f a party to a judgment accepts payment or satisfaction of a part thereof which is favorable to him, and that part is of such a character that the part adverse to him cannot be reversed without affecting the part which is in his favor and requiring reversal of that part also, the party so accepting the fruits of a part of the judgment in his favor is estopped from prosecuting an appeal from those parts which are against him." (*Preluzsky* v. *Pacific Co-operative C. Co.* (1925) 195 Cal. 290, 293 [232 P. 970].)

The appeal is dismissed.

Dalsimer, J., and Kakita, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.