Filed 4/24/15  Alkasabi v. Seahaus La Jolla Owners Assn. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| OSAMA A. ALKASABI,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>SEAHAUS LA JOLLA OWNERS ASSOCIATION, et al.<br><br>Defendants and Respondents. | D065935<br><br><br><br>(Super. Ct. No. GIC876598) |

APPEAL from orders of the Superior Court of San Diego County, Kevin A. Enright, Judge.  Affirmed; motion to dismiss and request for judicial notice denied.

Osama A. Alkasabi, in pro. per., for Plaintiff and Appellant.

ARC IP Law and Ariel J. Sabban for Defendant and Respondent Chandler Heights AZ, LLC.

Plaintiff and appellant Osama A. Alkasabi appeals from an order granting in part his own postjudgment motion to strike or tax costs that were billed to him by a judgment creditor, defendant and respondent Chandler Heights AZ, LLC (Chandler).  Chandler sought enforcement of an assigned judgment and accompanying attorney fees.  Alkasabi

also appeals from an order granting Chandler's motion for attorney fees and costs, in an amount that the trial court reduced from the requested amount.

During record preparation, Chandler filed its motion to dismiss, based on the disentitlement doctrine. (See, e.g., *MacPherson v. MacPherson* (1939) 13 Cal.2d 271, 277 (*MacPherson*) [disentitlement doctrine prevents a party to an action from seeking assistance from courts while the party "stands in an attitude of contempt to legal orders and processes of the courts of this state"].) Opposition and reply papers were received, and the motion was deferred to this merits panel.

We have examined the record, the motion and the arguments. Under these circumstances, we exercise our discretion to deny the motion. On the merits of the substantive issues presented, there is no indication in the record that the trial court in any way abused its discretion in ruling upon the motions regarding fees and costs. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132, 1140-1142 (*Ketchum*).) We affirm both orders.

I

*BACKGROUND*

A. Assigned Judgment versus Alkasabi in the "Seahaus Case"

This is a tale of two lawsuits (and more). In the current action (the "Seahaus Case"), Coldwell Banker (not a party here) obtained dismissal of Alkasabi's claims against it, based upon the anti-SLAPP statute. (Code Civ. Proc., § 425.16; all further statutory references are to this code unless noted; *Alkasabi v. Seahaus La Jolla Owners Association* (Super. Ct. San Diego County, 2011, No. GIC876598).) In that amended judgment issued in November 2009, Coldwell Banker also obtained an award of attorney

fees. Alkasabi's appeal from that judgment was dismissed and it became final in 2009. (*Alkasabi v. Seahaus La Jolla Owners Association* (May 1, 2009, D052387) [nonpub. opn.].) In 2013, Coldwell Banker assigned its judgment to Chandler.

## B. Alkasabi Brings the "Chandler Action"; Two Prior Opinions

In October 2011, Alkasabi sued Chandler for fraud and misrepresentation, etc. (*Alkasabi v. Chandler Heights AZ, LLC* (Super. Ct. San Diego County, 2011, No. 37-2011-00099949-CU-FR-CTL) (the "Chandler Action").) Chandler brought a special anti-SLAPP motion to strike the complaint. (§ 425.16.) It was denied. Chandler appealed from the denial order, but we affirmed. (*Alkasabi v. Chandler Heights AZ, LLC* (Dec. 21, 2012, D061435) [nonpub. opn.].)

Alkasabi pursued the Chandler action. Eventually, Alkasabi and Chandler signed a settlement agreement in that case. However, they disputed the efficacy of the settlement. The trial court granted a motion by Chandler to enforce the settlement of all claims in that complaint. Alkasabi's challenge to the settlement was denied, and his complaint was dismissed. On July 1, 2013, Chandler filed a notice of lien in that action, arising from this "Seahaus Case." (§ 708.410 et seq. [governing liens in pending proceedings].) A notarized acknowledgment of assignment of judgment stated that the balance owed on the judgment was $89,000.

Chandler then started proceedings for enforcement of judgment in the Seahaus case. Meanwhile, this court affirmed the orders enforcing the settlement and dismissing the Chandler case, in an unpublished opinion *Alkasabi v. Chandler Heights AZ, LLC* (Nov. 5, 2014, D064652) ("our prior opinion"). We concluded, "Alkasabi has not shown

3

how or why the trial court's conclusions that he showed objectively ascertainable consent to the material terms of the [settlement] Agreement are lacking in any substantial evidence support." We further determined that he had failed to show the assignment of the Seahaus judgment was improper or ineffective, for purposes of an offset.

C. Current Motions and Rulings; Appeal

Chandler continued to pursue enforcement of judgment proceedings, opposed by Alkasabi. In this Seahaus action, Chandler filed a memorandum of costs and a motion for postjudgment attorney fees. (§ 425.16, subd. (c).) Alkasabi filed a motion to strike or tax costs. The trial court orders awarded attorney fees and costs to Chandler, and Alkasabi filed an original and an amended notice of appeal.

In his civil case information statement, Alkasabi identifies numerous orders after judgment from which he purports to appeal, beginning December 13, 2013 and going through June 13, 2014. The superior court clerk transmitted these orders after the notices of appeal were filed. Many of these orders are nonappealable (tentative ruling minute orders, discovery or continuance rulings, or accounts of judgment debtor and contempt proceedings that are not directly at issue in this appeal). (§ 904.1, subd. (a)(2).) A few of the moving and opposing papers from those collateral proceedings are included within the appellant's appendix, and some of them involve still another case in which Chandler obtained a different judgment lien and was enforcing it against Alkasabi. (*Alkasabi v. Hendricks & Partners* (San Diego Super. Ct., 2010, No. 37-2010-00092162-CU-BT-CTL) ("the Hendricks case").)

4

We have determined that we need only focus upon two orders in this Seahaus case appeal. First, the order of February 26, 2014 on Alkasabi's motion to strike or tax costs after judgment is appealable. (§ 904.1, subd. (a)(2).) The trial court issued it after taking the matter under submission. Initially, the court decided that both the costs memorandum filed by Chandler in September 2013 and the motion to strike it by Alkasabi were timely filed. The court then addressed the large amount of fees Chandler was requesting, and it discussed the reasonableness determination required under case law and statute. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095; § 685.040.) The court deducted $4,037.50 from the amount requested, and ruled that a reasonable amount of attorney fees for the tasks performed was $11,900. The court approved Chandler's revised interest calculations and required an amended costs memorandum to be filed.

Next, the trial court issued two rulings on March 21, 2014. We need not address the first of those orders, a denial of a contempt citation against Alkasabi, since he does not challenge it. The second order issued on March 21, 2014 is appealable, and it granted Chandler's motion for attorney fees in the amount of $19,530, for additional fees and costs it incurred between September 2013 and February 2014. (§ 904.1, subd. (a)(2).) The court reduced the amount requested, because much of the extensive work performed by Chandler's counsel included duplicative arguments and noncomplex legal issues. In explaining why some of the work was duplicative, the court's order discussed the history of the Coldwell Banker assigned judgment that Chandler was seeking to enforce. The trial court also noted that there was a still pending appeal in a related action (D064652; our prior opinion filed Nov. 5, 2014), and it involved some of the same issues (offset).

5

However, since that was a different case number, the trial court determined it was not controlling on the issues as presented.

During record preparation, Chandler filed a motion to dismiss the appeal, citing to the disentitlement doctrine, arguing that Alkasabi's disobedience of prior orders may be deemed to preclude his opportunity to appeal. (*MacPherson, supra,* 13 Cal.2d 271, 277; *Alioto Fish Co. v. Alioto* (1994) 27 Cal.App.4th 1669, 1682-1683.) The dismissal motion includes exhibits, an attorney declaration, and a request for judicial notice of numerous other related orders, including several orders postdating the ones on appeal (May 2014-October 2014). (Evid. Code, § 459.) Opposition and reply papers were filed, and the motion is now before this panel.

## II

### *MOTION TO DISMISS; DENIED*

In response to Chandler's motion to dismiss the appeal, Alkasabi's opposition claimed that he had filed an undertaking on appeal, and there were also $112,000 in funds available to satisfy a judgment upon any affirmance, apparently from the Hendricks case. Chandler replied that the identified undertaking was filed in connection with yet another Alkasabi appeal in this Seahaus case, from other postjudgment orders regarding Chandler's attempts to enforce the assigned judgment (Sept. 5 and Sept. 26, 2014 contempt and fees proceedings). (*Alkasabi v. Chandler Heights AZ, LLC* (D066977), notice of appeal filed Nov. 17, 2014).) Chandler attached copies of those later orders in support of its motion to dismiss, seeking to show that Alkasabi should not be able to seek appellate relief because he has not fully obeyed earlier court orders.

6

Normally, "when reviewing the correctness of a trial court's judgment, an appellate court will consider only matters which were part of the record at the time the judgment was entered." (*Reserve Insurance Co. v. Pisciotta* (1982) 30 Cal.3d 800, 813 (*Reserve Insurance*); *In re Zeth S.* (2003) 31 Cal.4th 396, 405.) However, taking judicial notice or making factual determinations under section 909 can, in limited circumstances, appropriately supply a court with information about proceedings in the case that postdate the order on appeal. (*Vons Cos., Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3; (*Vons*).) This rule may be flexibly applied, and for example, it was used to take into consideration facts presented about the postjudgment insolvency of an insurer, for purposes of interpreting the subject insurance policy. (*Reserve Insurance, supra*, 30 Cal.3d at p. 813.)

Even though appropriate judicial notice of court records does not reflect an acceptance of all the factual matters contained therein, we could take judicial notice to show the existence of official acts, such as the occurrence of court hearings and filings. (*Mangini v. R.J. Reynolds, Inc.* (1994) 7 Cal.4th 1057, 1063-1064.) It is not disputed here that extensive litigation concerning efforts toward enforcement of judgment occurred for many months. However, this dismissal motion should not properly function to supplement the record with materials not before the trial court when it was making the subject orders on appeal. Unlike in *Reserve Insurance, supra*, 30 Cal.3d 800, 813, there are no exceptional circumstances that justify a deviation from the usual rule in the appeal before us. Review of these orders should not include consideration of postorder events

for the purpose of drawing any conclusions about the merits of the subject orders, as of the time they were made. (*Vons, supra,* 14 Cal.4th at p. 444, fn. 3.)

It would be erroneous and a waste of judicial resources to take judicial notice as requested or to grant the motion to dismiss on disentitlement grounds. The briefing is complete and, as we will show, the substantive issues are limited. We exercise our discretion to deny the motion to dismiss, and will dispose of Alkasabi's appeal on the merits.

### III

*LIMITED SCOPE OF INQUIRY ON APPEAL; REVIEW*

An appellant has the burden to provide an adequate record and affirmatively to show reversible error. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) All intendments and presumptions are made to support the judgment on matters as to which the record is silent. (*Denham, supra*, at p. 564.) If the judgment or order is correct on any theory, the appellate court will affirm it regardless of the trial court's reasoning. (*In re Estate of Beard* (1999) 71 Cal.App.4th 753, 776-777; *D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 18-19.)

In its respondent's brief, Chandler continues to claim dismissal is appropriate because Alkasabi's briefing and record are deficient in form and substance. (Cal. Rules of Court, rules 8.204(a)(1)(C), 8.124(b)(1)(A) [requiring a properly prepared record and support of references to matters in the record with citations]; see also *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 [failure to do so waives arguments].) Despite these evident problems, we can interpret Alkasabi's opening brief as rearguing many

8

overlapping objections to the fees and costs orders and their legal underpinnings (the assigned judgment and lien). However, all of his objections to the settlement agreement in the Chandler case were previously resolved in our prior opinion. This includes any reframed breach of contract claims against Chandler. The applicable standards of review do not allow this court to reopen such previous decisions and rulings that have become final.

Alkasabi next attacks the amount of attorney fees and costs awarded by saying the rate and hours are excessive. (*Ketchum, supra,* 24 Cal.4th 1122, 1132, 1140-1142.) He again argues that some of the funds available to satisfy the judgment lien are subject to interpleader and priority (apparently in the Hendricks case in another courtroom).

In response, Chandler claims that as an appellant, Alkasabi accepted the benefits of the orders (e.g., reduced amounts of attorney fees) and thus waived his right to appeal. (*Lee v. Brown* (1976) 18 Cal.3d 110, 114; *Gudelj v. Gudelj* (1953) 41 Cal.2d 202, 214 [voluntary acceptance of benefits of a judgment bars an appeal from it].) This argument is weakened because the record shows Alkasabi is still liable for a substantial amount of attorney fees and costs.

However, to the extent Alkasabi is challenging the appropriateness of the trial court's exercise of discretion in the particular rulings on appeal, the record does not support any such claim. (See *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1230 [court's factual findings underlying exercise of discretion must be supported by evidence].) The trial court's rulings resolved questions of law and fact brought before it, and demonstrated great familiarity with the contentiousness and complications of the

9

procedural history of all of this related litigation. The record provided is subject only to a conclusion that the trial court patiently and conscientiously examined the statutory questions and issues presented on the motion to strike or tax costs and on the attorney fees questions. In doing so, it correctly interpreted the fee provisions of sections 425.16, subdivision (c) and 685.040, and it acted within legal bounds in judging the value of professional services rendered. (*Ketchum, supra*, 24 Cal.4th at pp. 1132, 1141-1142 & fn. 6.)

Nothing presented by Alkasabi on appeal supports any inference that any abuse of discretion took place in the fees and costs motion proceedings, and this appeal is plainly without merit. Although Chandler's respondent's brief seeks a further award of attorney fees and costs under section 425.16, subdivision (c), at this juncture, we decline to decide any such request.

DISPOSITION

The orders are affirmed. The motion to dismiss and the request for judicial notice are denied. Costs on appeal to Respondent.

HUFFMAN, J.

WE CONCUR:

BENKE, Acting P. J.

HALLER, J.

10