[Civ. No. 57543. Second Dist., Div. Three. July 22, 1980.]

AL J. VELA & ASSOCIATES, INC., Plaintiff and Appellant, v.
GLENDORA UNIFIED SCHOOL DISTRICT,
Defendant and Respondent;
HUGHES DEVELOPMENT CORPORATION,
Real Party in Interest and Respondent.

COUNSEL

Donald C. Kemby and Merle Bergman for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

William E. Dennis for Real Party in Interest and Respondent.

OPINION

**ALLPORT, J.**—In a complaint for an injunction and declaratory relief Al J. Vela & Associates seeks to block the sale of a piece of real property known as the Bender School Site by Glendora Unified School District to Dorene J. Bloker, individually or as personal representative of the estate of Ray Bloker and to prevent Bloker and her nominee Everett Hughes, president of Hughes Development Corporation from acquiring any interest in said property. Following a court trial and the making of findings of fact and conclusions of law, judgment was entered denying the request for a writ of mandate (injunction) and dismissing the action as against the school district and real party in interest Hughes. Vela appeals from the judgment.[1]

---

[1]We are aware that Vela filed an "Amended Petition for Extraordinary Relief..." which was originally heard before another judge who granted a preliminary injunction restraining consummation of the sale to Hughes pending further order of court. That order is not the subject of this appeal which is from the judgment of April 30, 1979, rendered by Judge Loren Miller, Jr.

ISSUE

The sole issue on appeal involves an interpretation and application of Education Code section 39369.5.[2] It is not contended that the findings of fact are either inadequate or unsupported by evidence but only that the trial court erred in concluding the estate of Bloker is a "former owner" within the meaning of subdivision (a) of that section.

FACTS

The findings below disclose that prior to January 15, 1965, the Bender School Site was owned by Ray B. and Frances Bloker. On that date Glendora Unified School District (hereafter called District) acquired the property by grant deed accepted January 27, 1965. Thereafter Frances died and Ray married Dorene J. Bowser. On January 9, 1976, Ray died leaving his surviving widow Dorene J. Bloker, who qualified as executrix of Ray's estate on January 30, 1976.

"8. On November 28, 1977, the Board of Trustees of the Glendora Unified School District adopted a Resolution number 8 entitled, 'Notice of Intention to Sell School Property Known as the Bender School Site.' (This is the same property described in the Bloker probate proceeding as the Lorraine School site.) Such resolution contained as paragraph 15: 'The former owner, from whom the district acquired the property, shall be accorded the right (prior to final acceptance of bids) to purchase the property at the tentatively accepted highest bid price in accordance with 39369.5 of the Education Code.'...

"10. On December 2, 1977, the Glendora Unified School District notified Dorene J. Bloker by letter, of the rights of a former owner under the above sections and requested notice of her intentions in the matter....

"12. On January 20, 1978, Dorene J. Bloker, as Executrix of the estate, sent the following communication to the Glendora Unified School District: 'I, Dorene J. Bloker, executrix of the estate of Ray B. Bloker, do hereby appoint Everett W. Hughes, Jr., President of Hughes Devel-

[2]That section provides in pertinent part: "(a) In the event that the governing board of a school district, intends to sell real property pursuant to this article, the former owner from whom the district acquired the property shall be accorded the right, prior to the final acceptance of bids, to purchase the property at the tentatively accepted highest bid price."

opment Corporation, as the authorized representative of this estate in the matter of purchasing the Bender School site.'. . .

"14. On January 23, 1978, at the hour of 8:00 p.m., the Glendora Unified School District Board of Education, pursuant to the notice theretofore given, conducted a public hearing for the purpose of opening bids relating to the sale of the subject property.

"15. Bids were received according to the minutes which also reflect that before the call for oral bids, Everett W. Hughes, Jr., President of Hughes Development Corporation, announced that he was the acting and authorized representative for the prior owner, Dorene J. Bloker, executrix for the estate of Ray B. Bloker. Five oral bids were received as follows:

| | | |
|---|---|---|
| "a) | Biddle Development, Inc. | $126,000 |
| "b) | Providence Enterprises, Inc. | 136,000 |
| "c) | John E. Anderson, et al. | 160,000 |
| "d) | M.C.F. Construction Company | 265,000 |
| "e) | Al J. Vela & Associates, Inc. | 270,000 |

"At the conclusion of the oral bidding, Mr. Vela reduced his high bid to writing and submitted a cashier's check to cover the amount of the down payment, and Al J. Vela & Associates, Inc., did deposit with Glendora Unified School District the sum of $27,000 which is being held now.

"Mr. Leos, the party conducting the proceedings on behalf of the Board of Education, then added: 'As stated in Resolution 8, approved by this Board of Education on November 28, 1977, the former owner shall be accorded the right, prior to final acceptance of bids, to purchase the property at the tentatively accepted highest bid price in accordance with Section 39369.5 of the Education Code.' The minutes of said meeting further state: 'Mr. Hughes verified his relation to the prior owner, came forward and reduced to writing his bid of $270,000 for the property. It was moved by Mr. Wiley, seconded by Mr. Harding, and unanimously carried to accept the offer of the prior owner at

the high bid price of $270,000 for the Bender School site, subject to the approval of the Department of General Service, State of California.'...

"16.   Mr. Hughes executed a certification of the bid and deposited the sum of $27,000. In such certification, it contained the following language: 'The buyer making this offer is an executrix of an estate, wife of Ray Bloker, deceased.'...

"18.   On January 24, 1978, Glendora Unified School District in the letter addressed to Everett W. Hughes, Jr., President of Hughes Development Corporation, stated as follows: 'In reference to the above, this is to inform you that your proposal for $270,000 for the Bender site was accepted by our Board of Education at its regular meeting on January 23, 1978. This acceptance is subject to the approval of the State Department of General Services as referred to in the proposal....'

"20.   On March 3, 1978, Superior Court of the County of San Diego, State of California, case number PN4638, entered an Order that Dorene J. Bloker, as personal representative of the Estate of Ray B. Bloker, deceased, execute a grant deed conveying all right, title and interest that the estate held in the subject property to Hughes Development Corporation.

"21.   On March 6, 1978, Dorene J. Bloker, as personal representative of the Estate of Ray Bloker, deeded all right, title and interest in subject property to Hughes Development Corporation."

The lower court concluded that: "2. The term, 'former owner' as set forth in California Education Code, Section 39369.5 (a), includes the estate of a former owner who is now deceased.

"3.   When the Glendora Unified School District, decided to sell the real property, which was previously owned by Ray B. Bloker and Frances Bloker, and the subject of this lawsuit, the Estate of Ray B. Bloker was entitled to be accorded the right, prior to the final acceptance of bids, to purchase the subject property at the tentatively accepted highest bid price.

"4.   The Estate of Ray B. Bloker appointed Evernett W. [sic] Hughes, Jr., as its agent to exercise the right of the estate to purchase the subject property at the tentatively highest bid.

"5. On January 23, 1978, at the sale of subject property by the Glendora Unified School District, Mr. Hughes exercised the right of the Estate of Ray B. Bloker, to purchase subject property for $270,000, which bid was properly accepted by the District.

"6. The bid of Petitioner, Al J. Vela & Associates, Inc., to purchase said property for the sum of $270,000 was never accepted, and is of no force and effect in this proceeding."

Judgment was entered denying the requested injunction and dismissing the action.

## DISCUSSION

For reasons to follow we conclude that the lower court erred in construing the term "former owner" as used in Education Code section 39369.5 subdivision (a) to include the estate of a deceased former owner.

■ The statute, in clear and unequivocal language, limits the right of first refusal to not only a former owner, but to an owner "from whom the district acquired the property." The right created is thus personal to the grantor. (Cf. *Alamo School Dist. v. Jones* (1960) 182 Cal.App.2d 180, 190 [6 Cal.Rptr. 272].) In the instant case it was found that the District acquired the property from Ray and Frances Bloker. At Ray's death there no longer existed a former owner from whom the District had acquired the property. Neither Dorene J. Bloker individually nor as executrix of the estate of Ray B. Bloker was ever a former owner, much less an owner from whom the property was acquired. Under the circumstances neither the executrix, the estate, nor its nominee, qualified to exercise the right of first refusal extended by the statute.

Omitting reference to the phrase "from whom the district acquired the property" and referring to Probate Code sections 571, 573 and 584.2 requiring an executor to marshall all assets of the decedent's estate, real party argues that "former owner" includes the estate of a deceased former owner. The argument is not persuasive as it begs the question. We have determined the right of first refusal is limited by section 39369.5, subdivision (a) to former owners from whom the property was acquired. It follows that this right, being personal to Ray and Frances Bloker as former owners, terminated upon Ray's death and did not

become an asset of the estate to be administered by the executrix and eventually exercised by a total stranger to the original transaction. To hold otherwise would do violence to the rule against perpetuities. (Civ. Code, § 715.2.) In *Alamo School Dist.* v. *Jones, supra,* a deed conveying land to a school district and giving grantor the right to purchase should the land ever be abandoned for school purposes was construed as personal to the grantor so as to render the option valid rather than void under the rule against perpetuities.

The judgment is reversed with directions to enter a new and different judgment consistent with the views expressed herein.

Cobey, Acting P. J., and Potter, J., concurred.

A petition for a rehearing was denied August 6, 1980, and the petition of real party in interest and respondent for a hearing by the Supreme Court was denied September 17, 1980.