Opinion
 

 HADEN, J.
 
 *
 

 Four medical lien claimants appeal an order distributing settlement proceeds in a personal injury action filed by Michael A. Lovett and an order denying their motion to vacate the first order. Doctor David Rutberg, psychologists Deena Staab and Manuel Tobias, and Shanley Chiropractic (claimants) treated Lovett for physical injuries and psychological problems resulting from an automobile accident. After Lovett settled with the defendants, the court apportioned Lovett’s attorney fees among claimants under the common fund doctrine. Claimants contend the court acted beyond its jurisdiction in adjudicating their lien claims and erred by applying the common fund doctrine. We reject claimants’ jurisdictional arguments but conclude the order determining payment of their liens must be reversed because the common fund doctrine cannot be applied to apportion a plaintiff’s attorney fees among contractual medical lienholders.
 
 [1]
 

 
 *52
 
 Factual and Procedural Background
 

 Lovett was seriously injured when the automobile he was driving was rear-ended by a truck. He filed a complaint seeking damages from the driver of the truck and the driver’s employer.
 

 Lovett received treatment for his injuries and psychotherapy for anxiety and depression from a number of medical providers, including claimants. By written agreement, he gave each claimant a lien against the proceeds of any settlement, judgment or verdict he might obtain in his personal injury
 
 [2]
 

 Three days into the trial of Lovett’s case the court granted the defendants’ motion for a mistrial and set a new trial date. On the new trial date the court ordered Lovett and the defendants to participate in a mandatory settlement conference. The parties eventually agreed to settle the case for $125,000, contingent upon Lovett’s receiving $50,000 after the payment of medical liens, attorney fees and costs. The lienholders were not present at the settlement conference. The court filed a minute order noting the terms of the settlement and indicating judgment would be entered on the settlement under Code of Civil Procedure section 664.6. The order stated a hearing would be set “as to the lien holders.”
 

 Lovett then filed a motion for an order determining the payment of the medical liens. Lovett requested that claimants be required to share the attorney fees and costs he incurred in prosecuting his personal injury action through a pro rata reduction of their claims under the common fund doctrine. Claimants appeared ex parte through counsel and successfully applied for time to oppose Lovett’s motion. The court found the common fund doctrine applicable and granted Lovett’s motion.
 

 Claimants moved to vacate the order granting Lovett’s motion. The court treated claimants’ motion as a motion for reconsideration under Code of Civil Procedure section 1008 and denied it.
 

 
 *53
 
 Discussion
 

 I
 

 Claimants Did Not Waive Their Right to Appeal
 

 In ruling on claimants’ motion to vacate the order determining payment of the medical liens, the court stated; “Counsel [for the claimants] . . . agreed to be bound by the decision of this Court without need of further litigation bringing closure to the entire matter.” Based on this statement, Lovett contends claimants expressly waived their right to appeal.
 

 Generally, a waiver of the right to appeal must be express and not implied.
 
 (McConnell
 
 v.
 
 Merril Lynch, Pierce, Fenner & Smith, Inc.
 
 (1985) 176 Cal.App.3d 480, 488 [222 Cal.Rptr. 228].) Even assuming claimants’ counsel actually stated that claimants agreed to be bound by the court’s decision “without the need for further litigation,” we do not find an express waiver of claimants’ right to appeal. The term “further litigation” is ambiguous because it could refer to a separate action to determine payment of liens rather than an appeal in the instant action. Since the statement Lovett attributes to claimants’ counsel is ambiguous regarding waiver of the right to appeal, it does not constitute an express waiver of that right.
 

 Lovett cites the general rule that the right to appeal a judgment is waived by one who accepts the benefits of the judgment.
 
 (Lee
 
 v.
 
 Brown
 
 (1976) 18 Cal.3d 110, 114 [132 Cal.Rptr. 649, 553 P.2d 1121].) Lovett contends claimants waived their right to appeal the order determining payment of liens because they accepted payment from him in accordance with that order.
 

 As Lovett acknowledges, there is an equitable exception to the general rule that acceptance of the benefits of the judgment constitutes waiver of the right to appeal. “A waiver is not implied ... in those cases in which appellant is concededly entitled to the accepted benefits, and his right to them is unaffected by the outcome of the case on appeal. [Citation.] Stated another way, one may appeal from a portion of a severable and independent judgment while accepting the benefits of the unaffected remainder of the judgment. [Citations.]”
 
 (Lee
 
 v.
 
 Brown, supra,
 
 18 Cal.3d at p. 115.)
 

 Lovett contends this exception to the general rule does not apply because he does not concede claimants are entitled to the payments he made to them. This contention is without merit. Lovett’s act of making payments to claimants was a concession that claimants were entitled to the payments. He did not contend below that claimants were not entitled to the payments
 
 *54
 
 and he has not appealed the order determining those payments. “[W]here the appellant’s right to the accepted portion of the judgment is not disputed
 
 on appeal
 
 ... the appeal as to the disputed portion may proceed, because a reversal will have no effect on the appellant’s right to the benefit he or she has accepted. [Citations.]”
 
 (Epstein
 
 v.
 
 DeDomenico
 
 (1990) 224 Cal.App.3d 1243, 1246 [274 Cal.Rptr. 521], italics added.) Reversal of the order determining payment of claimants’ liens does not affect claimants’ right to the payments they have accepted because they are concededly entitled to those payments.
 
 [3]
 
 Accordingly, claimants have not impliedly waived their right to appeal the order limiting their right to payment.
 

 II
 

 The Court Did Not Act Beyond Its Jurisdiction in Adjudicating the Lien Claims
 

 Claimants alternatively contend the court lacked subject matter jurisdiction to adjudicate their lien claims and acted in excess of its jurisdiction in doing so. Claimants do not contend the superior court fundamentally lacks jurisdiction to adjudicate medical lien claims. Rather, they contend their claims must be adjudicated in a separate action.
 

 The jurisdictional defect raised by claimants is not lack of subject matter jurisdiction, as adjudication of claimants’ medical lien claims is clearly within the general subject matter jurisdiction of the superior court. The jurisdictional issue is whether the court acted in excess of its jurisdiction by adjudicating the liens in
 
 the instant action.
 
 (See
 
 Law Offices of Stanley J. Bell
 
 v.
 
 Shine, Browne & Diamond
 
 (1995) 36 Cal.App.4th 1011, 1021-1022 [43 Cal.Rptr.2d 717].)
 

 “Unlike some other jurisdictional defects, a party may, by its conduct, be estopped from contesting an action in excess of jurisdiction.”
 
 (Law Offices of Stanley J. Bell
 
 v.
 
 Shine, Browne & Diamond, supra,
 
 36 Cal.App.4th at p. 1022.) “ ‘Whether [a party who seeks or consents to action beyond the court’s power] shall be estopped depends on the importance of the irregularity not only to the parties but to the functioning of the courts and in some instances on other considerations of public policy. A litigant who has stipulated to a procedure in excess of jurisdiction may be estopped to question it when “[t]o hold otherwise would permit the parties to trifle with the courts.” ’ [Citations.]”
 
 (Id.
 
 at p. 1023, quoting
 
 In re Griffin
 
 (1967) 67 Cal.2d 343, 347-348 [62 Cal.Rptr. 1, 431 P.2d 625].)
 

 
 *55
 
 In the present case, claimants generally appeared and requested the opportunity to respond to Lovett’s motion for an order determining the payment of their liens. They never challenged the court’s jurisdiction to adjudicate their claims. To the contrary, in their opposition to Lovett’s motion, claimants asked the court to order full satisfaction of their liens because they felt pursuing such recovery in a separate action would be “time consuming, costly and inequitable.” Accordingly, the court expressly- and reasonably found: “Counsel for [Lovett] and Lien Claimants submitted the issue in its entirety to the jurisdiction of this Court. Counsel waived any objection to this procedure and agreed to be bound by the decision of this Court without the need of further litigation bringing closure to the entire matter.”
 

 Claimants contend
 
 Law Offices of Stanley J. Bell
 
 is distinguishable because the appellant in that case
 
 collaterally
 
 attacked the jurisdiction of an out-of-state court in California, whereas claimants here are
 
 directly
 
 attacking the lower court’s jurisdiction. Although
 
 Law Offices of Stanley J. Bell
 
 found the estoppel principle “particularly compelling where . . . what is involved is a collateral attack[,]” it did not suggest the principle cannot be evoked where a direct attack is involved.
 
 (Law Offices of Stanley J. Bell
 
 v.
 
 Shine, Browne & Diamond, supra,
 
 36 Cal.4th at p. 1024.) There is no reason the estoppel principle articulated in
 
 In re Griffin, supra, 61
 
 Cal.2d 343, should not apply where a litigant stipulates to a procedure in excess of jurisdiction and then directly challenges the procedure on appeal. Claimants are estopped from challenging the procedure by which their claims were adjudicated because they stipulated to that procedure and expressly asked the court to adjudicate their claims.
 

 Claimants also contend the court lacked equity jurisdiction due to Lovett’s “unclean hands.” The trial court implicitly rejected claimants’ unclean hands argument.
 

 Whether the unclean hands doctrine applies in a particular case is within the trial court’s sound discretion.
 
 (Estate of Wilson
 
 (1980) 111 Cal.App.3d 242, 249 [168 Cal.Rptr. 533].) We find no abuse its discretion in the court’s implicit rejection of claimants’ unclean hands argument.
 

 Ill
 

 The Common Fund Doctrine Does Not Apply to Contractual Medical Lienholders
 

 Claimants and amicus curiae, California Medical Association, contend the trial court abused its discretion in applying the common fund
 
 *56
 
 doctrine in this case because claimants and Lovett lack a common interest in Lovett’s settlement proceeds. We agree.
 

 “The common fund doctrine recognizes the common law ‘historic power of equity to permit the trustee of a fund or property, or a party preserving or recovering a fund for the benefit of others in addition to himself, to recover his costs, including his attorneys’ fees, from the fund or property itself or directly from the other parties enjoying the benefit. . . (City
 
 and County of San Francisco
 
 v.
 
 Sweet
 
 (1995) 12 Cal.4th 105, 110 [48 Cal.Rptr.2d 42, 906 P.2d 1196] (hereafter
 
 Sweet).)
 

 [4]
 

 Sweet
 
 held a county hospital’s statutory medical lien may not be reduced by apportioning attorney fees under the common fund doctrine. The doctrine did not apply because the relationship between the plaintiff and the county was that of debtor and creditor. Hence, the plaintiff pursued the underlying action for his own benefit.
 
 (Sweet, supra,
 
 12 Cal.4th at pp. 115-117.)
 

 “In common fund cases the litigation has been undertaken in contemplation that a fund will be created that will confer a benefit on a class of beneficiaries with a common interest in the benefit obtained, but a personal injury tort action is undertaken for the benefit of the injured plaintiff. The plaintiff’s creditors do not have an interest in the recovery in common with the plaintiff. That the creditors may benefit from any recovery is an incidental, not an intended, benefit of the litigation. [Citations.] Unlike the interest of other claimants to a common fund, the creditor’s right to payment is not contingent on litigation which creates a fund. Thus, no equitable principles justify departure from the statutory command of Code of Civil Procedure section 1021 that each party to litigation bear the expense of its own attorney fees.”
 
 (Sweet, supra,
 
 12 Cal.4th at p. 117, fn. omitted.)
 

 (5b) This analysis applies no less to a private medical provider holding a contractual lien on a personal injury tort action than to a public entity provider holding a statutory lien. In both cases the lien claimant is a creditor of the plaintiff, who pursues the action for his or her own benefit rather than the benefit of his or her creditors. As noted, Doctor Rutberg’s lien expressly provided that Lovett’s contractual obligation was independent of any settlement Lovett might obtain.
 

 Sweet
 
 broadly concluded: “[T]he common fund doctrine has no applicability when the relationship of the litigation plaintiff and the hospital lien claimant is that of debtor and creditor, and ... the amount of the lien may
 
 *57
 
 not be reduced or diminished by apportioning attorney fees . . . .”
 
 (Sweet, supra,
 
 12 Cal.4th at p. 118.)
 
 Sweet
 
 noted this conclusion “accords with the almost unanimous view of the courts of our sister states that have considered the question.
 
 This is true whether a public or private hospital lien is in issue, and regardless of the theory on which apportionment has been
 
 sought.”
 
 (Ibid.,
 
 italics added.)
 

 Here, the trial court’s reduction of claimants’ liens was reasonable and comported with the market value of such liens. We recognize, and counsel at oral argument conceded, some medical providers with liens may overtreat patients to run up medical special costs, thereby increasing their chances of getting paid. In such instances there are compelling public policy reasons why trial courts should have the discretion to order reduction of private medical liens in the exercise of their equitable powers. However, such discretion must be conferred by the Legislature.
 
 (Sweet, supra,
 
 12 Cal.4th at p. 124.)
 
 Sweet
 
 noted: “[T]his court’s exercise of its inherent equitable jurisdiction in the common fund/substantial benefit cases has never sanctioned apportionment [of attorney fees] in a debtor-creditor lien situation.”
 
 (Id.
 
 at pp. 121-122.)
 

 Accordingly, we conclude the court erred in apportioning Lovett’s attorney fees and reducing claimants’ liens under the common fund doctrine.
 

 Disposition
 

 Claimants’ appeal of the order denying their motion to vacate the order determining the payment of medical liens is dismissed. The order granting Lovett’s motion for an order determining the payment of the medical liens is reversed as to the appealing claimants only.
 
 (Estate of McDill
 
 (1975) 14 Cal.3d 831, 840 [122 Cal.Rptr. 754, 537 P.2d 874].) Claimants are awarded their costs on appeal.
 

 McDonald, L, concurred. Huffman, Acting P. L, concurred in the result.
 

 *
 

 Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.
 

 [1]
 

 The parties disagree over the appealability of the order denying claimants’ motion to vacate the order determining payment of their liens. An order determining lien rights against
 
 *52
 
 a cause of action is appealable because it is a final determination of a matter collateral to the main issue in the case and is a final judgment as between the lienor and lienee. Because such an order is appealable, an order denying a motion to vacate it is not appealable.
 
 (Bandy
 
 v.
 
 Mt. Diablo Unified Sch. Dist.
 
 (1976) 56 Cal.App.3d.230, 233, fn. 2 [126 Cal.Rptr. 890].)
 

 [2]
 

 The only lien of an appellant in the record is that of Doctor Rutberg which states, in pertinent part: “I hereby further give a lien on my case to said doctor against any and all proceeds of any settlement ... as the result of the injuries for which I have been treated .... [¶] I fully understand that I am directly and fully responsible to said doctor for all medical bills submitted by him for service rendered and that this agreement is made solely for said doctor’s additional protection and in consideration of his awaiting payment. And I further understand that such payment is not contingent on any settlement, judgment or verdict by which I may eventually recover said fee.”
 

 [3]
 

 Lovett does not contend in this appeal that claimants’ negotiation of the checks he gave them constituted an accord and satisfaction.
 

 [4]
 

 The trial court did not have the benefit of the Supreme Court’s decision in
 
 Sweet
 
 when it applied the common fund doctrine in this case.