[No. B139631. Second Dist., Div. Five. May 12, 2000.]

DEBORAH PRATT, Plaintiff and Respondent, v.
GURSEY, SCHNEIDER & CO. et al., Defendants and Appellants.

## COUNSEL

Chapman, Glucksman & Dean and Randall J. Dean for Defendants and Appellants.

Law Offices of Philip Kaufler and Philip Kaufler for Plaintiff and Respondent.

## OPINION

**TURNER, P. J.**—Plaintiff, Deborah Pratt, has moved to dismiss the appeal of defendants, Gursey, Schneider & Co., Michael Miskei, and David Cantor. Plaintiff contends that defendants have waived the right to secure appellate review of a binding arbitration award. We agree.

On June 2, 1992, Gursey, Schneider & Co. entered into an engagement agreement with plaintiff to provide her accounting services in connection with a dissolution of marriage proceeding. The June 2, 1992, engagement agreement provides: "Any controversy or claim arising out of this agreement or the performance of services pursuant thereto shall be settled by binding arbitration in accordance with the commercial arbitration rules of the American Arbitration Association, and [judgments] upon the award rendered by the arbitrator may be entered in any court having jurisdiction." On March 25,

1997, plaintiff served a document entitled "DEMAND FOR ARBITRATION." On April 22, 1997, plaintiff filed a complaint for breach of contract and fiduciary duty as well as professional negligence. On December 12, 1997, a motion to compel arbitration was granted. The parties were directed by the trial court to attempt to agree upon an arbitrator; however, if they were unable to do so, a motion to select an arbitrator was to be filed by January 1, 1998, and heard no later than January 29, 1998. Under the terms of the trial court's order, unless the parties otherwise agreed, the arbitration was to be conducted under the terms of the American Arbitration Association rules.

In January and February, 1998, the parties entered into a stipulation concerning binding arbitration. The document was entitled, "STIPULATION RE BINDING ARBITRATION, AND ORDER THEREON." The stipulation stated: "IT IS HEREBY STIPULATED by and between the parties hereto that: [¶] 1. The entire dispute between the parties to this action be submitted to a final determination by a binding arbitration. [¶] 2. The right to trial by judge or jury is expressly waived. Except as provided in Rule 1615(d) of the California Rules of Court, the right to appeal from the arbitrator's award or any judgment thereby entered or any order made is expressly waived. The right to trial de novo, whether pursuant to CCP Section 1411.20 or Rule 1616 of the California Rules of Court or otherwise is expressly waived. [¶] 3. The award of the arbitrator shall constitute a final determination of the matters to all parties and all claims, and shall be submitted to judgment in this action pursuant to Rule 1615(c) of the California Rules of Court. [¶] 4. The neutral arbitrator shall be the Honorable Jerome Fields, Retired Judge. [¶] 5. The arbitration shall be conducted through the offices of Alternative Resolution Center ('ARC'). [¶] 6. The costs of the arbitration will be split three ways, with each party to this proceeding paying his one-third share of the total costs. [¶] 7. This court will retain jurisdiction for the limited purpose of rendering a judgment pursuant to the award of arbitrator." On July 15, 1998, retired Judge Fields, acting in his capacity as an arbitrator, issued his award as to certain individuals who are not parties to the present appeal. On October 7, 1999, retired Judge Fields issued a "TENTATIVE ARBITRATION AWARD" in favor of plaintiff and against defendants. On December 2, 1999, retired Judge Fields issued his final arbitration award in favor of plaintiff and against defendants.

On December 6, 1999, a document was filed in apparent compliance with rule 1615 of the California Rules of Court entitled, "NOTICE OF FILING OF ARBITRATOR'S AWARD." Attached to the notice was retired Judge Fields's December 2, 1999, arbitration award. On December 17, 1999, defendants filed a petition to vacate the arbitration award pursuant to Code of Civil

Procedure section 1286.2. In a written response to the petition, plaintiff requested that the trial court confirm Judge Fields's December 2, 1999, arbitration award. On January 20, 2000, the trial court denied defendants' petition to vacate the December 2, 1999, award. On February 28, 2000, the trial court entered a judgment confirming retired Judge Fields's December 2, 1999, arbitration award.

Defendants have appealed from the February 28, 2000, judgment confirming retired Judge Fields's December 2, 1999, arbitration award. ■ Plaintiff has moved to dismiss the appeal. Plaintiff reasons that defendants waived their right to appeal when the parties entered into the stipulation concerning binding arbitration in January and February 1998. Defendants contend that there are sufficient ambiguities in the stipulation to arbitrate to prevent its enforcement and plaintiff conducted herself as though there was no final agreement which precluded review on appeal. We reject these contentions and dismiss the appeal.

A party may expressly waive the right to appeal from any judgment. (*Elliott & Ten Eyck Partnership v. City of Long Beach* (1997) 57 Cal.App.4th 495, 504 [67 Cal.Rptr.2d 140] ["But the parties can agree to waive some normal trial procedures, such as having a reporter's record of the proceedings, and the right to appeal."]; *McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1985) 176 Cal.App.3d 480, 488 [222 Cal.Rptr. 228] ["It is well-settled that a party may expressly waive its right to appeal . . . ."]; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 1999) ¶ 2:324, p. 2-138 (rev. #1, 1999) ["A party can expressly waive the right to appeal . . . ."].) In the present case, there was an express waiver of the right to appeal. As noted previously, the STIPULATION RE BINDING ARBITRATION, AND ORDER THEREON provided: the "entire dispute between the parties" was to be "submitted to a final determination by binding arbitration"; the right to a trial by judge or jury was "expressly waived"; and "the right to appeal from the arbitrator's award or any judgment thereby entered or any order made" was "expressly waived." This constituted an express waiver of the right to secure appellate review.

Defendants contend that there was sufficient ambiguity in the agreement because of its references to judicial arbitration. Defendants are correct that the STIPULATION RE BINDING ARBITRATION, AND ORDER THEREON does make reference to judicial arbitration provisions of law. Specifically, the paragraph which contains the waiver of the right to appeal from the arbitrator's award or "any judgment thereby entered or any order made" contains the following sentence, as noted previously, "The right to trial de novo,

whether pursuant to CCP section 1141.20 or Rule 1616 of the California Rules of Court or otherwise is expressly waived." Code of Civil Procedure section 1141.20 is contained in chapter 2.5 of title 3 of that code which relates to judicial arbitration. Code of Civil Procedure section 1141.20 provides in its entirety: "(a) An arbitration award shall be final unless a request for a de novo trial is filed within 30 days after the date the arbitrator files the award with the court. [¶] (b) Any party may elect to have a de novo trial, by court or jury, both as to law and facts. Such trial shall be calendared, insofar as possible, so that the trial shall be given the same place on the active list as it had prior to arbitration, or shall receive civil priority on the next setting calendar." Further, rule 1616 of the California Rules of Court relates to the judicial arbitration and states: "(a) Within 30 days after the arbitration award is filed with the clerk of the court, a party may request a trial by filing with the clerk a request for trial, with proof of service of a copy upon all other parties appearing in the case. A request for trial filed after the parties have been served with a copy of the award by the arbitrator, but before the award has been filed with the clerk, shall be deemed valid and timely filed. The 30-day period within which to request trial may not be extended. [¶] (b) The case shall be restored to the civil active list for prompt disposition, in the same position on the list it would have had if there had been no arbitration in the case, unless the court orders otherwise for good cause. [¶] (c) The case shall be tried as though no arbitration proceedings had occurred. No reference may be made during the trial to the arbitration award, to the fact that there had been arbitration proceedings, to the evidence adduced at the arbitration hearing, or to any other aspect of the arbitration proceedings, and none of the foregoing may be used as affirmative evidence, or by way of impeachment, or for any other purpose at the trial. [¶] (d) In assessing costs after the trial, the court shall apply the standards specified in section 1141.21 of the Code of Civil Procedure."

It is readily apparent that these provisions of law, which relate to judicial arbitration, are different from those involving contractual arbitration. (*Mercury Ins. Group v. Superior Court* (1998) 19 Cal.4th 332, 344 [79 Cal.Rptr.2d 308, 965 P.2d 1178] ["[C]ontractual arbitration arises solely out of an arbitration agreement, specifically, a *written* arbitration agreement [citation], between the parties thereto [citations], whereas judicial arbitration may be imposed on the parties litigant, whether or not they agree, in writing or otherwise [citation]."]; *Sagonowsky v. More* (1998) 64 Cal.App.4th 122, 131 [75 Cal.Rptr.2d 118] ["Judicial arbitration is fundamentally unlike private contractual arbitration."]; *Law Offices of Ian Herzog v. Law Offices of Joseph M. Fredrics* (1998) 61 Cal.App.4th 672, 677 [71 Cal.Rptr.2d 771] ["California law provides for two kinds of arbitration—private contractual arbitration, governed by title 9 of part 3 of the Code of Civil Procedure (§ 1280 et seq.) and judicial arbitration under the Judicial Arbitration Act. (§ 1141.10 et

seq.)"]; *Old Republic Ins. Co. v. St. Paul Fire & Marine Ins. Co.* (1996) 45 Cal.App.4th 631, 635 [53 Cal.Rptr.2d 50] ["Judicial arbitrations are governed by Code of Civil Procedure section 1141.10 et seq. and California Rules of Court, rule 1600 et seq. contractual arbitrations by section 1280 et seq. . . ." (Fn. omitted.)].)

We agree with defendants that the parties entered into an arbitration agreement that has some of the hallmarks of judicial arbitration. The arbitration and the postaward confirmation process though were conducted as though this was a contractual rather than judicial arbitration. In that sense, defendants are correct that there was some ambiguity as to the nature of the agreement of the parties. California appellate courts have on occasion had to struggle in an effort to interpret arbitration agreements entered into by parties and which share the ambiguity in the present case, where the litigants referred to rules of law generic to both judicial and contractual arbitration. (E.g., *Law Offices of Ian Herzog v. Law Offices of Joseph M. Fredrics, supra,* 61 Cal.App.4th at p. 678, fn. 4.) However, the ambiguity in the agreement does not extend to the waiver of the right to appeal. As previously related, the parties entered into the following agreement: "Except as provided in Rule 1615(d) of the California Rules of Court, the right to appeal from the arbitrator's award or any judgment thereby entered or any order made is expressly waived." The broad language utilized by the parties constitutes a waiver of the right to appeal from "any judgment" or "any order." Accordingly, the ambiguity created by the references to judicial arbitration does not affect the express waiver of the right to appeal. Regardless of whether this was a contractual or judicial arbitration case, the right to appeal "any judgment" or "any order" has been expressly waived.

The present case is different from two decisions that have found no express waiver of the right to appeal after an arbitration award is returned. The present case is materially different from *Reisman v. Shahverdian* (1984) 153 Cal.App.3d 1074, 1082-1086, 1088-1089 [201 Cal.Rptr. 194]. In *Reisman*, a petition for arbitration form provided by the Los Angeles County Bar Association stated, " 'If you and the attorney both agree to make the arbitration binding, *No appeal or further proceedings will be possible after the arbitration award is made.*' " (*Id.* at p. 1082, original italics.) The defendants also signed a " 'request for arbitration and stay of proceedings.' " (*Ibid.*) On that form, the defendants checked off a box agreeing to binding arbitration. (*Id.* at pp. 1082-1083.) The Court of Appeal held that the appeal could not be dismissed on the theory that the written agreement to binding arbitration validly waived the right to appeal. The Court of Appeal held: "Although the Los Angeles County Bar Association forms recite that upon

agreement to binding arbitration 'no appeal or further proceedings' after the award are 'possible,' we do not take such language in the strict sense because it could not have been so intended. It is obvious that plaintiff did not so understand the agreement because he undertook 'further proceedings' under Code of Civil Procedure section 1285 to confirm the arbitration award and have judgment entered thereon." (*Id.* at p. 1088.) Later, the court concluded, "Without greater specificity in the waiver agreement language, we hold it was not effective to waive rights to appeal trial court judicial action which was expressly provided for by Business and Professions Code section 6203, subdivision (b)." (*Id.* at p. 1089.) The present case is materially distinct from *Reisman.* Unlike *Reisman,* the present case involves specific waiver of the right to appeal "any judgment" or "any order." Accordingly, *Reisman* is not controlling authority in this case.

Further, the present case is unlike *Lovett v. Carrasco* (1998) 63 Cal.App.4th 48, 53 [73 Cal.Rptr.2d 496]. In *Lovett,* the alleged "waiver" of the right to appeal was a statement of the trial judge as follows: " 'Counsel [for the claimants] . . . agreed to be bound by the decision of this Court without need of further litigation bringing closure to the entire matter.' " (*Ibid.*) The Court of Appeal for Division One of the Fourth Appellate District concluded that the ambiguous foregoing language, which does not even mention an appeal, did not amount to an express waiver of the right to pursue appellate remedies. (*Ibid.*) Needless to note, the present case is very different from *Lovett.* In the present case, there has been an express waiver of the right to appeal any judgment or order.

Three additional comments are in order. First, other grounds for not enforcing a waiver of the right to appeal are not present in this case. The present case involves no issues of an absence of authority to waive the right to appeal by an attorney or trial judge coercion. (E.g., *McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., supra,* 176 Cal.App.3d at p. 488; Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs, *supra,* ¶ 2:324, p. 2-138.) Second, both sides have requested the imposition of sanctions in connection with the dismissal motion. However, neither side has presented any frivolous contentions as that term has been defined in the decision of *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650 [183 Cal.Rptr. 508, 646 P.2d 179], and rule 26(e) of the California Rules of Court. Third, drafting arbitration agreements requires care so that it is clear what the parties intend—to have their dispute resolved under the judicial or contractual arbitration provisions of law. By drafting arbitration agreements clearly, then disputes over the alternative dispute resolution process, such as occurred here, will be less likely to occur.

The appeal is dismissed. Plaintiff, Deborah Pratt, shall recover her costs incurred on appeal from defendants, Gursey, Schneider & Co., Michael Miskei, and David Cantor.

Godoy Perez, J., and Weisman, J.,* concurred.

---

*Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.