NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 29 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JMJ MINING, LLC, | No. 18-17103 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02276-KJN |
| v. | |
| KENNETH ZIB; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Carolyn K. Delaney, Magistrate Judge, Presiding

Submitted March 23, 2020**
San Francisco, California

Before: WALLACE, GILMAN,*** and GRABER, Circuit Judges.

This case involves a long-running dispute regarding mining rights on land

located in Sierra County, California. Plaintiff JMJ timely appeals from the district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Ronald Lee Gilman, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

court's grant of Defendants Zibs' motion to terminate their obligations under the parties' agreement. In response, the Zibs contend both that JMJ waived its right to appeal per the terms of their agreement and that the district court's ruling was correct on the merits. Because we agree with the Zibs' first argument, we need not address the second. We accordingly dismiss the appeal on the ground that JMJ has waived its appellate rights.

The parties' settlement agreement includes an appeal-waiver provision. That provision reads as follows: "**<u>No Appeal.</u>** The Parties hereto waive forever their rights, if any, to bring a motion for a new trial or to appeal from any judgment entered pursuant to this Agreement." (Emphasis in original.)

The interpretation of this appeal waiver is governed by state law as explicitly stated in the settlement agreement. Although a party may waive the right to appeal under California law, any such waiver must be "clear and express," and "any doubt will be resolved against a waiver of the right to appeal." *Ruiz v. Cal. State Auto. Ass'n Inter-Ins. Bureau*, 222 Cal. App. 4th 596, 165 Cal. Rptr. 3d 896, 901 (2013) (citation and internal quotation marks omitted). The language of the waiver at issue here meets that standard. *See Pratt v. Gursey, Schneider & Co.*, 80 Cal. App. 4th 1105, 95 Cal. Rptr. 2d 695, 698–99 (2000) (holding that an agreement's broad language waiving the right to appeal "any judgment . . . or any order" constituted an express waiver).

JMJ points out that the waiver provision here applies to "any judgment entered pursuant to this Agreement," whereas the district court's decision was designated as an order, not a judgment. JMJ contends that if the parties had wished to waive any appeal under these circumstances, they would have explicitly said "judgment or order" rather than merely "judgment" in the settlement agreement.

This argument is unpersuasive. The distinction that JMJ attempts to draw is not legally meaningful. The California Code of Civil Procedure defines a "judgment" as "the final determination of the rights of the parties in an action or proceeding." Cal. Civ. Proc. Code § 577. That is precisely the type of determination that the district court made. It granted the Zibs' motion to declare their obligations under the parties' agreement to be terminated and void, and it awarded attorney fees in the Zibs' favor. In doing so, the court brought the case to a close. There was nothing left to be adjudicated between the parties. The order thus functioned as a judgment in every respect.

Moreover, California caselaw rebuts JMJ's contention that this case turns on whether the district court characterized its decision as an "order" or a "judgment." The California courts have made clear that "[i]t is a judgment's substance, not its form or label, which determines whether it is final." *Kaiser Found. Health Plan, Inc. v. Superior Court*, 13 Cal. App. 5th 1125, 221 Cal. Rptr. 3d 278, 288 (2017); *see also Art Movers, Inc. v. Ni West, Inc.*, 3 Cal. App. 4th 640, 4 Cal. Rptr. 2d 689,

692 (1992) ("It is the substance and effect of the court's order or judgment and not the label that determines whether or not it is appealable.").

In addition, the Zibs' reading of the appeal-waiver provision is more consistent with the rest of the settlement agreement. *Cf.* Cal. Civ. Code § 1641 ("The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the other."). The litigation in the district court over the Zibs' motion to terminate their obligations was exactly the type of litigation envisioned by the parties in the settlement agreement. Indeed, if the district court's order is not deemed a "judgment entered pursuant to this Agreement," then one is left to wonder what else would qualify as such a judgment (other than, in JMJ's view, an identical opinion labeled as a "judgment" instead).

At bottom, JMJ's position is simply inconsistent. If the district court's decision were not a final judgment, then JMJ could not have appealed from it. *See* 28 U.S.C. § 1291. Accordingly, we conclude that the appeal waiver was clear and express and that JMJ has waived its right to appeal.

**DISMISSED**.