Filed 11/22/24  Marriage of Solorzano and Preciado CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| In re the Marriage of ANGELA SOLORZANO and ERIC PRECIADO. | |
| ANGELA SOLORZANO, | D084262 |
| Respondent, | |
| v. | (Super. Ct. No. FLHE2204622) |
| ERIC PRECIADO, | |
| Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside, Johnnetta E. Anderson, Judge.  Affirmed.

Eric Preciado, in pro. per.; and Westover Law Group and Taryn B. La Fata for Appellant.

Law Offices of Edgar & Dow and Harold William Edgar for Respondent.

On August 2, 2022, Angela Solorzano (Wife), her attorney, and Eric Preciado (Husband) (proceeding pro. per.) signed a stipulated agreement

wherein Husband and Wife acknowledged they had separated and agreed to have the dissolution of their marriage heard as an uncontested matter. Ten days later, Wife filed a petition seeking dissolution of the marriage.

Over five months later, Husband retained legal counsel. A judgment of dissolution, which incorporated the stipulated agreement, was ultimately entered on May 5, 2023.

On appeal, Husband asserts that the court erred in entering an uncontested judgment that did not comport with two California Rules of Court. He requests that we vacate the judgment because his attorney did not sign the stipulated agreement and the judge made interlineations on Wife's Declaration for Default or Uncontested Dissolution and processed the matter as an uncontested judgment. Wife contends Husband waived his right to appeal in the stipulated agreement. Regardless, she argues substantial evidence supports the judgment and highlights that Husband failed to demonstrate any prejudice.

We conclude Husband has not demonstrated error or prejudice and, therefore, affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Husband and Wife married in June 2011 and separated in May 2022. They have four minor children together.

In the August 2, 2022 stipulated agreement, they approved custody and visitation terms related to the children. In lieu of Husband paying child support payments, they agreed Husband would transfer his interest in the family home to Wife and pay the mortgage payments on the property for 16 years, at which point their youngest daughter would be 18 years old. They further stated: "The parties have stipulated this matter be heard as an uncontested matter, and both parties waive their rights to a trial, a

2

statement of decision, a motion for a new trial, and their right to appeal." The stipulated agreement indicates that "[t]he court obtained jurisdiction over the Respondent on the date of filing of this judgment" and expresses that "[t]he foregoing stipulated judgment constitutes the parties' written settlement agreement, [and] is intended to be enforceable pursuant to the provisions of section 664.6 of the California Code of Civil Procedure . . . ."

Wife filed a petition for dissolution of the marriage on August 12, 2022, and an amended petition six days later. She attempted to file a judgment of dissolution of marriage the same day, but it was returned unprocessed because the court did not allow e-filing of judgment forms. In October 2022, Wife filed a request to enter default, but it was not entered due to lack of proof of service.

On December 15, 2022, Wife requested an order seeking child support and attorney fees, explaining that she and Husband had agreed he would pay her mortgage in lieu of child support but that he had stopped paying her mortgage as of October 31, 2022. She stated that she had paid the agreed-upon amount to buy him out of the house by September 2022. It appears from the record that Husband transferred title of the home to Wife upon receiving payment.

Husband retained counsel in January 2023, and his attorney filed a response to the amended petition for dissolution on February 6, 2023. On February 24, 2023, Wife withdrew her request for an order, indicating that due to a change in circumstances, she would file a different one. March correspondence from Wife's counsel to Husband's attorney stated that Husband did not pay the mortgage in November or December 2022, paid it in January 2023, and then told Wife he would stop paying it based on his attorney's advice. Wife's counsel explained that they hoped to work together

3

to prepare a final stipulated judgment, but that if Husband disagreed that the August 2, 2022 stipulated agreement was enforceable, Wife would ask the court to enforce the stipulated agreement.

On April 11, 2023, Husband's attorney sent a letter to Wife's counsel advising counsel to "please consider my client's 'agreement' to [the August 2, 2022 stipulated agreement] revoked." It is not clear from the record on appeal or the register of actions what occurred in the intervening time, but on May 5, 2023, the court entered a judgment of dissolution. The judgment is accompanied by Wife's Declaration for Default or Uncontested Dissolution, which she signed in October 2022. It appears the court used Wife's earlier request for a default judgment, whited out and initialed the boxes seeking a "default with agreement," and instead checked the box for "uncontested." The court then entered judgment pursuant to the terms of the attached August 2, 2022 stipulated agreement.

Husband appealed in June 2023, and then filed a request to set aside the judgment in the superior court in November 2023. The record does not indicate the status of that request.

## DISCUSSION

### I.

*Application of the California Rules of Court*

As an initial matter, Wife asserts that Husband expressly waived his right to appeal because the stipulated agreement incorporated into the judgment states: "The parties have stipulated this matter be heard as an uncontested matter, and both parties waive their rights to a trial, a statement of decision, a motion for a new trial, and their right to appeal." "A party may expressly waive the right to appeal from any judgment" (*Pratt v. Gursey, Schneider & Co.* (2000) 80 Cal.App.4th 1105, 1108) and,

4

given that Husband agreed to this express waiver, it seems likely he did waive the right to appeal. However, because the waiver is contained within the judgment Husband now challenges, we will address his arguments on the merits.

Husband contends the trial court should not have entered the judgment because it did not comply with two California Rules of Court. "[A]ppellate courts conduct a de novo review of interpretations of relevant California Rules of Court." (*Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 81.) In so doing, we apply the usual rules of statutory construction. (*In re William M.W.* (2019) 43 Cal.App.5th 573, 583.)

Husband's first argument appears to be that the court erred by signing off on the judgment even though it did not contain a signature line for Husband's counsel pursuant to California Rules of Court, rule 5.411. However, this rule pertains only to the required "format" of stipulated judgments. (Cal. Rules of Court, rule 5.411(a).) It states that a stipulated judgment submitted to the court for signature as an uncontested matter "must contain the following" language "[a]t the end, immediately above the space reserved for the judge's signature": (1) "The foregoing is agreed to by" with lines for the petitioner's and respondent's signatures; and (2) "Approved as conforming to the agreement of the parties" followed by lines for the signature of each party's attorney. (Cal. Rules of Court, rule 5.411(a).) Nowhere does the rule require actual approval by counsel, and Husband offers no authority supporting this proposition. Furthermore, Husband did not retain counsel until five months *after* he signed the stipulated agreement. He provides no authority allowing an attorney to approve a document as "conforming to the agreement of the parties" when counsel was not privy to the making of the agreement, much less caselaw suggesting the court is

5

prohibited from entering judgment pursuant to such an agreement without counsel's subsequent signature. Therefore, we are not persuaded that the court erred.

Husband next contends the court improperly interlineated Wife's Declaration for Default or Uncontested Dissolution form instead of returning it to Wife for correction of "identified defects" pursuant to California Rules of Court, rule 5.407. Here again, this rule does not support a finding of error. The rule requires only that "[t]he court must conduct a procedural review of all the documents submitted for judgment based on default or uncontested judgments submitted under Family Code section 2336 and *notify* the attorneys or self-represented litigants who submitted them of all identified defects." (Cal. Rules of Court, rule 5.407(a), italics added.) Husband does not claim the court failed to notify Wife of the errors. Although the rule goes on to state that "[b]asic information for correction of the defects must be included in any notification to attorneys or self-represented litigants" (Cal. Rules of Court, rule 5.407(b)), it does not mandate that the court return the document or prohibit the court from correcting the errors. Particularly here, where the stipulated agreement expressly states that "[t]he parties have stipulated this matter be heard as an uncontested matter," the court's actions in changing the checked boxes from "default" to "uncontested" appear in keeping with the parties' intent.

Regardless, Husband offers no explanation as to how he was prejudiced by either purported error. We will not reverse a judgment absent a showing that the appealing party suffered prejudice. (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107–1108.) It is appellant's burden to establish prejudice by supplying the reviewing court with cogent argument supported by citation to the record and legal analysis. (*Audish v. Macias* (2024) 102 Cal.App.5th 740,

6

751.) Husband simply requests that the court reverse the judgment with instructions to set aside the interspousal transfer deed husband signed for the family home, with no argument as to why such drastic action is warranted. He does not assert that he signed the transfer deed under duress, nor does he direct the court to anything in the record evidencing fraud or mistake.[1] Furthermore, Husband does not challenge Wife's declaration wherein she maintains that, in exchange for her being able to keep the house, she waived spousal support, allowed him to keep his pension, and paid him $30,000. As such, it is not clear that Husband suffered any loss. Therefore, Husband has not shown reversable error.

## II.

### *Attorney Fees and Sanctions*

Wife argues this appeal is frivolous and requests attorney fees and sanctions. "Whether to impose appellate sanctions is a matter within our discretion." (*Citizens for Amending Proposition L v. City of Pomona* (2018) 28 Cal.App.5th 1159, 1194; see also Cal. Rules of Court, rule 8.276(a)(1) ["On motion of a party or its own motion, a Court of Appeal may impose sanctions . . . on a party or an attorney for . . . [¶] . . . [t]aking a frivolous appeal or appealing solely to cause delay"]; Cal. Civ. Proc., § 907.) "[A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) However, our

---

[1] Notably, although Husband had an opportunity to address prejudice after Wife raised the issue in her brief, Husband declined to even file a reply brief.

high court has advised that the definition of frivolousness "must be read so as to avoid a serious chilling effect on the assertion of litigants' rights on appeal" and that "[c]ounsel and their clients have a right to present issues that are arguably correct, even if it is extremely unlikely that they will win on appeal." (*Ibid.*)

Here, Wife describes this appeal as "a case of buyer's remorse" and maintains Husband filed it to harass Wife and delay enforcement of the judgment. That may be true, but given the gaps in the record, it is difficult to determine exactly what occurred in this matter and if the appeal is, indeed, entirely frivolous. Furthermore, we do not find it appropriate to award fees or sanctions because Wife provided no legal authority in support of her request, nor did she elaborate as to the amount of or basis for the fees and sanctions sought. (See Cal. Rules of Court, rule 8.276(b)(1) ["A party's motion . . . must include a declaration supporting the amount of any monetary sanction sought"].) Accordingly, the request is denied.

## DISPOSITION

The judgment is affirmed. Wife is entitled to her costs on appeal.

HUFFMAN, Acting P. J.

WE CONCUR:

IRION, J.

CASTILLO, J.

8