Filed 3/6/25  Marriage of Ngo and Tran CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re the Marriage of QUYEN T. NGO and TRUNG N. TRAN. | |
| QUYEN T. NGO, | E082746 |
| Respondent, | (Super.Ct.No. FAMSS2004633) |
| v. | OPINION |
| TRUNG N. TRAN, | |
| Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Carlos M. Cabrera, Judge.  Dismissed.

Trung N. Tran, in pro. per., for Appellant.

Quyen T. Ngo, in pro. per., for Respondent.

1

Appellant Trung N. Tran purports to appeal from both (1) the judgment of dissolution of his marriage to respondent Quyen Ngo and (2) a postjudgment fees order. Tran lacks standing to appeal either order, so we dismiss.[1]

The dissolution judgment contains an "Agreement for Judgment" (Agreement) stating that the parties were married in 2005 and separated in 2020. After listing the parties' agreement on several issues, the agreement states that "[b]oth parties waive [the] Statement of Decision and any right to appeal." It then states that Tran "represents to the court that he is unrepresented during the signing of this Agreement and the finalization of this dissolution matter. He knowingly and intelligently waives his right to have an attorney represent him during this process. . . . [Tran] has been advised to seek counsel to review the signing of this document and any accompanying documents."

"A party may expressly waive the right to appeal from any judgment." (*Pratt v. Gursey, Schneider & Co.* (2000) 80 Cal.App.4th 1105, 1108.) The Agreement shows that Tran has done so here.

Even if the Agreement did not contain an express waiver, the fact that Tran stipulated to the judgment would independently require dismissal. "It is settled that a party cannot appeal from a judgment to which he has stipulated." (*Papadakis v. Zelis* (1991) 230 Cal.App.3d 1385, 1387; see *Reed v. Murphy* (1925) 196 Cal. 395, 401 ["Concluding, as we must, that the appellants consented to the decree in the precise form

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

in which it was rendered, that they thereby waived any errors therein, and that it is not void upon its face, there remains nothing to be reviewed upon an appeal therefrom, and the appeal is dismissed"].)

Tran, who is representing himself on appeal, does not address these obstacles to our review in his opening brief. Rather, he accuses Ngo of engaging in deceitful behavior, such as in incidents regarding one or more property transfers, a domestic violence restraining order, and a default judgment. Tran's descriptions of these incidents largely involve statements unsupported by the record. (See *JP-Richardson, LLC v. Pacific Oak SOR Richardson Portfolio JV, LLC* (2021) 65 Cal.App.5th 1177, 1194 ["we must disregard unsupported statements of facts"].) We need not reach the merits of the issues, though, as these do not address Tran's rights to appeal but rather presuppose it.

Tran makes one argument connected to the Agreement, stating that he signed the Agreement not knowing that Ngo allegedly failed to disclose all community assets. However, even assuming this were true, Tran does not develop any argument that the Agreement should be invalidated (or the stipulated judgment set aside) for this reason, so we deem such an argument waived. (*Vo v. City of Garden Grove* (2004) 115 Cal.App.4th 425, 448 ["A brief must contain reasoned argument and legal authority to support its contentions, or the court may treat the argument as waived"].) Unrepresented litigants are held to the same standards as attorneys. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

Accordingly, we do not consider the various arguments Tran makes in his opening brief regarding the judgment. "A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com'n* (2001) 25 Cal.4th 688, 696.) Because the judgment here is nonappealable, we dismiss the appeal.

The postjudgment fees order also is nonappealable. The appeal waiver in the Agreement extends to "any" right to appeal. To the extent the scope of the appeal waiver is ambiguous, Tran has not made any reasoned argument why we should construe the appeal waiver narrowly, and we will not make Tran's arguments for him. (See *Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 631 ["A ruling by a trial court is presumed correct, and ambiguities are resolved in favor of affirmance"].) In any event, even if we had jurisdiction over the appeal from the order, we would affirm, as Tran has not included any motion papers or declarations relating to the order. "It is the burden of the party challenging the fee award on appeal to provide an adequate record to assess error." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) Without any information about why Ngo sought fees, we would have no basis for assessing the propriety of the award.

DISPOSITION

The appeal is dismissed. Ngo is awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL_____<br>J.

We concur:

4

RAMIREZ
_____
              P. J.

MENETREZ
_____
              J.